[No. 18551.    Department One.    June 5, 1924.]

*In the Matter of the Estate of* SOLOMAN ZELINSKY, *Deceased.*

HUGO W. EIDINGER, *Appellant,* v. GERTRUDE Z. MAMLOCK, *Respondent.*[1]

WITNESSES (32, 34)—COMPETENCY—TRANSACTIONS WITH DECEASED —WILL CONTEST. Rem. Comp. Stat., § 1211, excluding the testimony of a party in interest or to the record from testifying against an executor as to transactions between himself and the deceased, has no application to a will contest.

APPEAL (459) — REVIEW — HARMLESS ERROR — EVIDENCE — SUBSEQUENT ADMISSION. Error cannot be assigned on the exclusion of evidence on direct examination where, on cross-examination, appellant was permitted to answer the questions fully and the door was opened for complete inquiry on redirect-examination.

WILLS (39)—CONTEST—UNDUE INFLUENCE — EVIDENCE — ADMISSIBILITY. In a will contest in which the sole issue was the question of undue influence, evidence that the contestant had deeded his interest in his mother's estate to the testator, who contracted to divide all his property equally among his children, and violated the agreement, is properly excluded as immaterial.

SAME (17)—EXECUTION—UNDUE INFLUENCE—EVIDENCE—ADMISSIBILITY. The contest of a will on the ground of undue influence must fail where there was no evidence that any influence was exerted by others upon the testator to procure the making of the will.

[1]Reported in 227 Pac. 507.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 1, 1923, dismissing a will contest, tried to the court. Affirmed.

*Jesse Thomas,* for appellant.

Tolman, J.—This is a will contest based upon the sole ground of undue influence. At the close of contestant's case, the trial court was of the opinion that the evidence introduced was wholly insufficient to prove any of the allegations of the petition, and consequently entered a judgment of dismissal, from which the contestant has appealed.

The respondent has not seen fit to appear in this court or give us the benefit of any brief or argument in support of the judgment appealed from.

Three errors are assigned, and we shall treat them in inverse order.

First, that the trial court erred in sustaining objections to questions propounded to the contestant as to transactions between himself and the testator, under § 1211, Rem. Comp. Stat. [P. C. § 7722]. In the case of *In re Anderson's Estate,* 114 Wash. 591, 195 Pac. 994, we held that this statute does not apply in proceedings for the probate or contest of a will, and such seems to be the general rule.

While the trial court, on direct examination of the witness, did sustain such an objection, yet later on cross-examination the contestant was permitted to answer such questions fully, thus opening the door to a complete inquiry on redirect examination. The record furnishes no basis for a finding that any evidence was excluded or the contestant in any wise prejudiced by the ruling complained of.

Second, there was introduced in evidence a deed reciting that it was made in consideration of love and

affection and the sum of ten dollars, lawful money of the United States, by which the contestant conveyed his interest in his mother's estate to the testator, his father, while he was still living; and also a document, dated some eighteen or nineteen months later, by the terms of which the father undertook to divide all of his property equally between his son and daughter, to take effect after his death. Contestant offered to testify as to the consideration for the deed which he executed, as to whether or not the ten dollars therein mentioned as a part of the consideration was ever paid, and was interrogated as to whether the latter instrument was executed and delivered in consideration of the execution and delivery of the former. To all of these interrogatories objections were sustained. Assuming that, in a proper case, one may show the true consideration of a deed notwithstanding its recitals, and that one written instrument is made in consideration of another, by parol testimony, still we find no error. The issue here is undue influence only, and if the deceased violated his contract in the disposition of his property he will, in the absence of evidence to the contrary, be presumed to have done so of his own free will. So the issue was not, did the testator violate a contract, but was he unduly influenced, and the proffered evidence had no bearing on that subject.

Third, it is urged that the court erred in dismissing the contest. Taking the most favorable view of the law, drawing every inference on behalf of the contestant, and adopting every favoring presumption which the evidence introduced will permit, still there is nothing in the record from which it can be said that any influence, much less undue influence, was exerted by others upon the testator to procure the making of the will which is attacked.

''The right of a party to change his will at any time, so long as he has capacity to do so, cannot be questioned. Nor will a showing of mere persuasion on the part of a beneficiary overcome the will of a party, if from the whole record it is made to appear that it is his will. It is not influence alone, but an undue influence, which has been defined to be such an influence as deprives the party of the free exercise of his intellectual powers, an influence which is exercised by coercion, imposition, or fraud, an influence which impels the testator to act in fear, a desire for peace, or some feeling which he is unable to restrain. 8 Words & Phrases, 7166, 7172. *In re Patterson's Estate,* 68 Wash. 377, 123 Pac. 515.'' *In re Tresidder's Estate,* 70 Wash. 15, 125 Pac. 1034.

Appellant seeks to bring his case in line with the case from which we have just quoted, but the facts will not justify a comparison.

The judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.