This is a contest over the appointment of a general administrator of the estate of C. Larson, deceased.
William H. Pemberton, supervisor of the inheritance tax and escheat division of the state, filed a petition in the probate cause on January 15, 1935, for the appointment of himself as administrator. It is claimed on behalf of the petitioner that the petition was filed under Rem. Rev. Stat., § 1359 [P.C. *Page 76 
§ 9880], which provides that the state board of tax commissioners, or any member thereof, may apply for the appointment of an administrator where the deceased died possessed of property within the state, intestate and without known heirs. The petition contains such allegations. It was further alleged in the petition that Larson died intestate in, and a resident of, Thurston county, on October 23, 1934, leaving property consisting of an interest in the Olympia Building and Loan Association, Account No. 9032, now Federal 618, of the par value of six thousand dollars. It was further alleged, upon information and belief, that the decedent died without heirs, and that, under the statutes, the entire property became the property of the state as an escheat.
An order was entered fixing a date for the hearing of the petition and directing notice to be given thereof, as required by law. Proper notice, it appears, was given, and due proof thereof filed in the cause.
Before the hearing, Claud Havens filed a petition for the appointment of himself as general administrator of the estate, alleging jurisdictional facts and that "the decedent left estate in the approximate sum of $6,100." He further alleged:
"That the decedent left a certain writing purporting to be a will leaving said estate in its entirety to Lewis A. Nelson of Seattle, Washington; that said will has never been offered for probate and is not now offered for probate; that aside from the provisions of said writing there are no heirs, or if any exist, the same are unknown to petitioner; that decedent left no other property of any kind or description except meager personal belongings; that the said Lewis A. Nelson has purported claims against the estate of decedent in the sum of seven hundred and thirty one (731) dollars; . . . that it is the desire and wish of the said Lewis A. Nelson as a *Page 77 
creditor of said decedent that the petitioner be appointed administrator of said estate; that your petitioner is a resident of Thurston county, state of Washington, of legal age and a proper person to be appointed administrator of said estate."
This petition was endorsed by Lewis A. Nelson, who alleged upon oath "that he is a creditor of the estate, in the event he is not the sole beneficiary thereof," and that he desires appointment of Havens as general administrator.
At the hearing, the two petitions were considered together, with the result that Havens, who was found to be a suitable, disinterested person, was appointed general administrator. The supervisor of the inheritance tax and escheat division of the state has appealed.
It is assigned that the court erred (1) in appointing Havens as administrator; and (2) in refusing to appoint the appellant as administrator.
At the trial, on account of the allegation in the Havens' petition that there was an outstanding will of the decedent (which for some reason or lack of it had not been and was not then offered for probate), the trial court referred to the matter of the propriety of the appointment of a temporary administrator rather than a permanent one. No further consideration appears to have been given to the matter, and the court entered the order from which the appeal was taken.
Not only was it suggested to the trial court that there was an outstanding will, but a supplemental record presented here, to the consideration of which no objection is made, shows the precise form and contents of the will, from which it is claimed by the appellant that the instrument may and should be held to be void when presented in the superior court, and *Page 78 
that, there being no heir of the decedent, the property belongs to, and should be distributed to, the state as an escheat.
[1] Rem. Rev. Stat., § 1379 [P.C. § 10048], requires that one having the custody of a will shall, within thirty days after knowledge of the death of a testator, deliver it to the superior court or the person named in the will as executor or executrix, and if the one named as executor or executrix has custody of the will, he or she shall, within forty days after receiving knowledge of the death of the testator deliver the same to the probate court.
In this case, upon learning of the existence of a will of the decedent, the probate department of the superior court should have ordered it brought into court and should not have proceeded with the appointment of a general administrator until the validity of the will was disposed of by proper probate proceedings.
Such course is necessary according to the policy of the statutes upon this subject, intended, manifestly, to prevent delay in settling estates and probable, unnecessary expenses of general administration, when it appears that there is an outstanding will of the decedent.
Rem. Rev. Stat., § 1421 [P.C. § 9937], provides that, if a will be found and probated after letters of general administration are granted, the letters shall be revoked and letters testamentary or of administration with the will annexed granted. See Cairns v. Donahey, 59 Wn. 130, 109 P. 334.
[2] In such situations, prior to the production and disposal of the purported will, if it appears that the affairs of the estate need immediate attention, a special administrator should be appointed under Rem. Rev. Stat., § 1451 [P.C. § 9999], as follows: *Page 79 
 "When, by reason of an action concerning the proof of a will,or from any other cause, there shall be a delay in granting letters testamentary or of administration, the judge may, in his discretion, appoint a special administrator (other than one of the parties) to collect and preserve the effects of the deceased;. . ." (Italics ours.)
In this case, the judgment appealed from should not have been entered. It is reversed and the cause remanded, with directions to the trial court to continue or stay proceedings on the petitions for appointment of a general administrator; exercising the right and power to appoint a special administrator, if necessary in the judgment of the court, until the validity of the purported will of the decedent is disposed of.
Neither party will recover costs on the appeal.
MAIN, TOLMAN, STEINERT, and GERAGHTY, JJ., concur. *Page 80