Heretofore, there was controversy in this estate over the appointment of a general administrator. That controversy reached this court on appeal, and, it appearing from the record that there was in existence what purported to be a will of the deceased, it was held that no order should have been entered at the time appointing a general administrator, and the cause was remanded for a stay of proceedings *Page 184 
in that respect until the court disposed of the admission or rejection of the will. In re Larson's Estate, 184 Wn. 75,49 P.2d 919.
Thereafter, the will was presented to the judge of the superior court for probate, in common form, without any order fixing time for the hearing and without published notice or process of any kind directed to anyone with respect thereto. Rem. Rev. Stat., § 1380 [P.C. § 10049]; 68 C.J. (Wills) § 624, p. 896.
It appears that the testimony of the subscribing witnesses to the will was taken by depositions and the matter then submitted,ex parte, by the proponents of the will to the superior court. At that time, the supervisor of the inheritance tax and escheat division of the state, because of a courtesy notice, appeared in court, by his attorney, and without any written issue of contest or protest made or tendered, asked to be heard orally with reference to the admission or rejection of the proposed will. The judge denied that right. Then, upon considering the proof, an order was entered admitting the will to probate, it being recited in the order that the division of inheritance tax and escheat had received a copy of the petition and will and had not filed any contest or protest thereto, or counter-petition, nor proposed any other person as administrator with the will annexed.
The clerk's minutes show that, at the time the order admitting the will was signed and entered, counsel for the supervisor of the inheritance tax and escheat division of the state gave oral notice in open court of appeal to the supreme court.
The case must be disposed of here upon a consideration of the practice prescribed by statute. As already stated, the hearing in the superior court was not a will contest, but an ex parte mode of probate, no issue having been proposed or made. The ruling of *Page 185 
the trial court at the hearing gives a clear conception and construction of the applicable statutory procedure.
There had been some correspondence from the appellant to the attorneys on the other side about the controversy. These letters were offered in evidence by the appellant. The offer was objected to because they were immaterial. In rejecting that proof, the court said:
"It is my view that, so far as the probation of this will is concerned, that nobody is concerned so far as it affects the department. If there is any contest to be made on the will there is ample time to institute proceedings for that purpose. The only purpose of this hearing was to have the will presented and to determine whether or not the peculiar writing which was presented was a will.
"Now, there are no heirs and no interested persons appearing at all in opposition to it. The department's only interest is to determine whether or not this estate finally will be escheated and if they want to contest the will, the statute provides the manner for it, and I don't think these letters or any notice was necessary or that it was necessary for the department to be present.
"MR. BOYLE: Then I will have these letters marked for identification, Your Honor. This letter to Mr. Philbrick dated October 9th [indicating a copy of the letter to the Honorable John M. Wilson]. THE COURT: Well, you are not in this case, Mr. Boyle. I don't see how you can present anything here. MR. BOYLE: Well, the court has permitted me to address the court and I am still in the courtroom. THE COURT: But you are not on the record. Well, you can mark them for identification as presented by the department of inheritance tax and escheat."
Still further, the appellant objected to the consideration of the testimony of the subscribing witnesses to the will because it had been taken without notice to the appellant, unless leave now be granted to the appellant *Page 186 
to cross-examine those witnesses, orally or in writing. Upon this request, which was denied, the court held:
"That request will be denied. The department was an adverse party in this proceeding in the contest as to who should be appointed administrator. You went up to the supreme court and the supreme court wrote an opinion in which they did not determine that fact but said, inasmuch as this will had been mentioned in the petition, that it was the duty of the court to pass upon the question of whether or not this paper was sufficient to constitute a will. And it was brought back here and under the statute it is the duty of the court to proceed with the probate of a will when it is presented. I do not consider that the department is an adverse party in this proceeding, so far as this will is concerned; and for that reason the court is proceeding as it is. And I may say further that, since the matter was presented to me, I have taken occasion to examine the authorities very carefully upon the question of the position of the signature upon the will and also the language disposing of the property in the will. MR. BOYLE: I would like to be heard on that before Your Honor rules. THE COURT: I am not going to let you be heard. I told you I do not think you are in this case and I am satisfied that that is legally a will; and I so rule at this time and order the will admitted."
[1] The ruling was clearly right under the statutes. Rem. Rev. Stat., § 1380 [P.C. § 10049], provides:
"Applications for the probate of a will and for letters testamentary, or either, may be made to the judge of the court having jurisdiction and the court may immediately hear the proofs and either probate or reject such will as the testimony may justify. Upon such hearing the court shall make and cause to be entered a formal order, either establishing and probating such will, or refusing to establish and probate the same, and suchorder shall be conclusive as against all the world except in theevent of a contest of such will as hereinafter provided. All testimony in support of the will *Page 187 
shall be reduced to writing, signed by the witnesses, and certified by the judge of the court." (Italics ours.)
Section 1385 [P.C. § 10017] provides, in the first paragraph, as follows:
"If any person interested in any will shall appear within six months immediately following the probate or rejection thereof, and by petition to the superior court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will."
Rem. Rev. Stat., § 1386 [P.C. § 10018], provides as follows:
"Upon the filing of the petition referred to in the next preceding section, a citation shall be issued to the executors who have taken upon themselves the execution of the will, or to the administrators with the will annexed, and to all legatees named in the will residing in the state, or to their guardians if any of them are minors, or their personal representatives if any of them are dead, requiring them to appear before the court, on a day therein specified, to show cause why the petition should not be granted."
Accordingly, the procedure in these cases is: First, probate of the will in common form, or an ex parte proceeding in rem, wherein no one interested is before the court except the proponent of the will and his witnesses; second, a contest filed by any interested person within six months after the probate or rejection of the will, the contest being by petition upon which issues shall be made up, tried and determined; and *Page 188 
third, upon the filing of a petition in contest, a citation shall issue requiring executors or administrators with the will annexed, all legatees, minors, or personal representatives of any of them, to appear before the court, at a time specified, to show cause why the petition in contest should not be granted. That is, there is to be no contest about admitting or rejecting the will unless some interested party, within six months after the exparte hearing, in the first instance, files a written petition in contest upon which all parties interested are brought in so that there shall be only one contest.
If appellant herein is right, then an interested party, hostile to a will, can voluntarily appear as a party in the first proceeding to probate the will, and take an appeal from a decision against him, which decision may be affirmed or reversed. In the meantime, and within six months from the date of the judgment in the first hearing, some other interested party may file a contest, which, upon being tried, perhaps on materially different testimony than that involved in the first appeal, may result in a final judgment different from the final judgment in the first appeal. The statutes are designed to prevent such confusion and conflicts and to avoid the trial of separate and distinct contests.
The conclusions we reach are in harmony with the holding in the case of State ex rel. Stratton v. Tallman, 25 Wn. 295,65 P. 545. At the time that case was decided, Ballinger's Code, § 6110, was the same as that portion of Rem. Rev. Stat., § 1385, hereinabove quoted, except that the time for filing contests then was one year instead of six months as it is now; and Ballinger's Code, § 6111, was the same as our present Rem. Rev. Stat., § 1386, hereinabove referred *Page 189 
to, upon the subject of notice to interested persons of a pending contest.
In that case, after letters of administration had been issued in the estate of John Sullivan, deceased, one Marie Carrau filed a writing, purporting to be a nuncupative will of the deceased, praying that the instrument be admitted to probate. A citation was issued and delivered to the sheriff, who immediately made return that no heirs or next of kin of the deceased were found. On the same day, proof was taken, and the will was admitted to probate. Afterwards, an order was entered fixing a time for hearing a petition for distribution of the property under the will. Before the date fixed for that hearing, the AttorneyGeneral, on behalf of the state, filed a motion in the superior court for a vacation of the order admitting the will to probate, on the ground that the court acquired no jurisdiction to hear evidence in support of the will for the reason that no citation was issued as required by law, and also because the one that was issued was immediately returned by the sheriff without making any effort to find heirs of the deceased or any person interested in the estate. The trial court declined to consider or decide themotion, on the ground that the state could not properly appear inthe proceeding. The Attorney General applied here for a writ of mandamus, directing the superior court to consider and determine the motion. In denying the writ, it was said:
"The extraordinary writ will not be issued if relator has a plain, speedy, and adequate remedy at law. Relator urges that under subd. 8, of § 4620, Bal. Code, the state is interested in testing the validity of the will, because, in the event of the establishment of intestacy and upon the failure of heirs, the estate escheats to the state. The effect of the order admitting a will to probate, either written or nuncupative, is declared *Page 190 
in § 6108, Bal. Code, `as effectual in all cases as the original would be if produced and proven,' and such effect by § 6112 is declared binding upon all persons if its validity shall not be contested within one year after the probate or rejection of the will. Assuming that the state may have such contingent interest in the estate as to have the real truth of the existence and validity of the will determined, it appears there is a plain procedure, which is speedy and adequate, pointed out in § 6110, Bal. Code, by which issues may properly be made up and tried and determined, respecting all questions affecting the regularity of the execution or of the validity of the will, and the superior court, entertaining such a suit, may fully protect such rights in the estate by such stay of proceedings in the procedure in probate as may be necessary or effective.
"The conclusion, therefore, is that the appropriate procedure is designated in § 6110, supra, and there is no necessity shown for a mandate from this court."
In that case, the remedy of the state, if any, was under the contest statute. The situation in the present case is similar to that one. The trial court so declared while the trial in the present case was going on, and so declared in the judgment admitting the will to probate.
[2] The supervisor of the inheritance tax and escheat division of the state, not being a proper party to the action, has no right of appeal.
The appeal is dismissed.
MILLARD, C.J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur. *Page 191