[No. 27174. Department One. July 31, 1939.]

*In the Matter of the Estate of* CLARENCE S. FINDLEY, *Deceased.*

WILLIAM J. FINDLEY, *Appellant,* v. IDA L. FINDLEY, *as Administratrix and Individually, Respondent.*[1]

[1]Reported in 93 P. (2d) 318.

670

*Hubbert & Mullins,* for appellant.

*Lee C. Delle* and *Richards, Conklin & Delle,* for respondent.

ROBINSON, J.—This is the second appeal growing out of litigation concerning the estate of Clarence S. Findley, deceased. To avoid repetition, familiarity with the facts recited in the opinion rendered on the first appeal (*Findley v. Findley,* 193 Wash. 41, 74 P. (2d) 490) will be assumed. While that appeal was pending, William J. Findley filed a petition for the probate of the will of Clarence S. Findley, alleging that he had left such an instrument, dated July 14, 1931, with a codicil dated October 30, 1931, and

". . . that said will and codicil were in existence at the time of the death of the deceased, but that your petitioner has been unable to discover and find said will and codicil; that the same has been lost or has been destroyed, and your petitioner now offers a carbon copy of said will for probate; . . ."

Rem. Rev. Stat., § 1390 [P. C. § 10046], provides in part, as follows:

"Whenever any will be lost or destroyed, the superior court shall have power to take proof of the execution and validity of such will and to establish the

same, notice to all persons interested having been first given. Such proof shall be reduced to writing and signed by the witnesses and filed with the clerk of court.

*"No will shall be allowed to be proved as a lost or destroyed will unless the same shall be proved to have been in existence at the time of the death of the testator,* or be shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions shall be clearly and distinctly proved by at least two witnesses, and when any such will shall be so established, the provisions thereof shall be distinctly stated in the judgment establishing it, and such judgment shall be recorded as wills are required to be recorded. . . . " (Italics ours.)

Upon the filing of the petition, court commissioner Milroy set a date for hearing and directed that notice be given as required by law. Such notice was given, and the petitioner further issued a formal citation to Ida L. Findley, who then held the custody of the assets of the estate, having been the duly appointed, qualified, and acting administratrix thereof for more than five years. Mrs. Findley filed an answer and objection to the petition, consisting of denials supported by certain affirmative matter designed to raise an estoppel.

■ The petitioner contended that this converted the proceedings, which, admittedly, began under Code § 1390, into a will contest under § 1385 [P. C. § 10017] *et seq.,* and that, this being the case, the matter could not rightfully proceed unless and until Mrs. Findley issued the citations required by § 1386 [P. C. § 10018]. As appellant here, he assigns as error that she was permitted to offer evidence without so doing. But it is clear that the persons who are required to issue citations by § 1386 are those filing the classes of petition referred to in § 1385 [P. C. § 10017]; that is, petitions contesting a will already admitted to probate or seeking to prove a will which had been formerly rejected.

Mrs. Findley was not attempting to contest a will which had been probated, nor was she attempting to have a will probated which had been rejected. Neither was she a volunteer in an *ex parte* proceeding.

The case of *In re Larson's Estate*, 187 Wash. 183, 60 P. (2d) 19, so much relied on by the appellant, is not at all apposite. Mrs. Findley was not only brought into the matter by a formal citation issued at the request of the appellant, but she was properly a party independent of that, since she, as administratrix of the estate, was lawfully in possession of its assets and charged with their preservation and lawful distribution. She had a right to require the petitioning proponent to prove his case. In our opinion, the fact that, in resisting the petition, she did not confine herself to mere denials, did not bring the proceedings within the purview of Code § 1385 *et seq.* The court commissioner, in the first instance, rightly treated the matter as a proceeding brought under § 1390 to establish a lost will, and the hearing was so conducted throughout, and not as a will contest.

■ During the course of the hearing, Ida L. Findley was permitted to testify to certain conversations with the deceased. This is assigned as error. But we have heretofore held that Code § 1211 [P. C. § 7722], excluding the giving of evidence of transactions with persons since deceased by parties interested or to the record, is not applicable to a will contest or to the probate of a will. *In re Anderson's Estate*, 114 Wash. 591, 195 Pac. 994; *In re Zelinsky's Estate*, 130 Wash. 165, 227 Pac. 507. The opinion in *Jones v. Peabody*, 182 Wash. 148, 45 P. (2d) 915, 100 A. L. R. 64, relied upon by appellant, as we read it, reaffirms these former holdings. Speaking of § 1211, the opinion says:

"It is generally held that such statutes are not applicable in proceedings for the probate or contest of

a will. *In re Anderson's Estate,* 114 Wash. 591, 195 Pac. 994; *In re Zelinsky's Estate,* 130 Wash. 165, 227 Pac. 507. This case, however, was neither a proceeding for the probate nor the contest of a will."

The case at bar, however, *is* a proceeding for the probate of a will.

We are satisfied that our present rule is in accord with the weight of authority. See note in Ann. Cas. 1914A, 982; 28 R. C. L. 510-512; 5 Nichols Applied Evidence, 4467, § 42. Furthermore, and without regard to authority, it seems to us that the statute does not, in terms, apply to the situation before us. The purpose of the statute is to protect the estate against false and fraudulent claims. This is not an action wherein an adverse party sues or defends as executor, administrator, or legal representative of a deceased person with reference to some claim or demand which arises out of any transaction with the deceased during his lifetime and which existed at his death. It is a judicial inquiry as to whether the instrument offered is the last will and testament of the deceased and entitled to probate as such. The primary object of the inquiry is to determine whether the deceased intended that the devolution of his property should be controlled by the laws of descent or by the alleged will, and nothing pertaining to claims against the estate is in any way involved.

The principal assignment of error, in the sense that it is the most insisted upon, is that the court erred in refusing to admit the will and codicil to probate.

There was sufficient proof offered that the alleged will once existed, and was last known to exist in the possession of the deceased. Since it could not be found after his death, and there is no intimation that it was destroyed by someone else, fraudulently or otherwise, the presumption is that he himself destroyed it *animo*

*revocandi. In re Harris' Estate,* 10 Wash. 555, 39 Pac. 148; *In re Robinson's Estate,* 149 Wash. 307, 270 Pac. 1020; *In re Auritt's Estate,* 175 Wash. 303, 27 P. (2d) 713. The presumption is, as the same authorities hold, rebuttable; but, says the opinion in the last case cited:

"The evidence, to overcome the presumption, must be clear, satisfactory and convincing, and its weight will therefore depend upon the proximity in time of the testator's declarations and the other circumstances under which they are made."

The ultimate question presented by the assignment, then, is: Was the evidence submitted to overcome the presumption clear, satisfactory, and convincing? The court commissioner was very far from thinking so, as appears in his summing up at page 495 of the transcript of the proceeding before him. He came to the conclusion that the evidence affirmatively indicated that the deceased destroyed the will before his death. He, accordingly, refused to admit the offered will and codicil to probate and entered a formal judgment dismissing the petition. The petitioner timely filed a notice of revision, and the matter came before a judge of the superior court of Yakima county for review. After hearing the parties at great length, he took the matter under advisement, and later filed an elaborate memorandum opinion in which he said, as to the point now under discussion:

"The court holds in the instant case that the testimony is insufficient to overcome the presumption that the will which he had in his possession was destroyed by the testator *animo revocandi.*"

We, in turn, have examined the evidence, consisting of the commissioner's record of 495 pages, plus a great number of letters written by the deceased and other documentary exhibits. A partial analysis of the evidence would be wholly useless; a complete analysis of

it is impossible within the limits of an opinion. Even without giving weight to the fact that the court commissioner was in a better position to judge of the credibility of the oral evidence than we can be, we are, like the reviewing court, of the opinion that the evidence submitted on behalf of the petitioner was not sufficient to overcome the presumption that the original will was destroyed by its maker with the intention of revoking it.

The judgment and decree appealed from is, therefore, affirmed.

BLAKE, C. J., BEALS, STEINERT, and MAIN, JJ., concur.

