[No. 33863.   Department One.   January 28, 1957.]

ALEX I. GORDON, *Individually and as Administrator, Plaintiff and Relator*, v. SEATTLE-FIRST NATIONAL BANK *et al.*, *Defendants*, THE SUPERIOR COURT FOR KING COUNTY, *Donald A. McDonald, Judge, Respondent.*[1]

*Edwards E. Merges*, for plaintiff and relator.

*Hay & Hamlin*, for defendants.

[1]Reported in 306 P. (2d) 739.

SCHWELLENBACH, J.—Mabel C. Gordon died in Seattle on March 21, 1956. March 27, 1956, Alex I. Gordon, her surviving spouse, was appointed administrator of her estate. He thereafter qualified by taking oath and giving bond.

April 10, 1956, there was filed in the same probate cause, by Morris Preston, a brother of decedent, a petition for probate of Mrs. Gordon's will. The petition prayed that the will be admitted to probate; that Seattle-First National Bank be appointed administrator with will annexed; and that the letters of administration theretofore issued to Mr. Gordon be revoked.

April 27, 1956, Alex I. Gordon filed objections to the admission of the will to probate. Paragraph 6 thereof alleged that, at the time of the execution of the purported will, Mrs. Gordon was mentally and physically incapable of executing a valid will. Paragraph 7 alleged that, at said time, she was unduly influenced by her brother. He prayed that the petition for probate be denied, but that, in the event the purported will be admitted to probate, he, as the surviving spouse, be appointed executor by preference.

April 30, 1956, the petitioner for probate of the will moved to strike paragraphs 6 and 7 of the objections. May 17, 1956, the court denied the motion to strike. May 28, 1956, the petitioner filed his answer to the objections of Mr. Gordon, specifically denying paragraphs 6 and 7 thereof.

June 20, 1956, the court entered the following order:

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

"IN THE MATTER OF THE ESTATE
of
MABEL C. GORDON,
Deceased

ORDER ADMITTING
WILL TO PROBATE

"The above entitled proceeding, having come on regularly for hearing before the undersigned Judge of said Court on June 4, 1956, on the petition for probate of Will filed herein by Morris Preston, the Objections to Granting of Letters Testamentary and Petition for Probate of Will filed herein by Alex I. Gordon and the Answer to Objections of Alex I. Gordon filed herein by Morris Preston, the petitioner appearing by David O. Hamlin of counsel for petitioner and

the objector appearing by Edwards E. Merges of counsel for said objector, the objector having orally moved the Court for an Order setting this proceeding for a special hearing and for leave to present evidence respecting the allegations appearing in said objections, the Court having heard argument thereon and having denied said Motion and declining to receive any evidence on behalf of objector, the Court having thereafter admitted the depositions of Louis Ballenger and Inith Schell on direct written interrogatories in support of said Will, having certified the testimony of said witnesses and having considered the records and files herein, and being fully advised

"FINDS that Mabel C. Gordon died testate on March 21, 1956, being at the time of her death a resident of King County, Washington, and leaving estate therein subject to administration in the proceeding; that said decedent duly executed her Last Will and Testament on the 20th day of April, 1954, at Glendale, California, in the presence of Louis Ballenger and Inith Schell, competent subscribing witnesses thereto; that said witnesses attested said document in the presence of each other and in the presence of the testatrix at her request; that said decedent, at the time of executing said document, was above the age of majority and of sound mind and not under duress, menace, fraud or undue influence, nor in any respect incompetent to execute the same; that Rachel Preston Cunningham, the Executrix named in said Will, and Ruth Lee Reaves, the alternate Executrix named therein, have each refused to serve as such and that their written refusals are on file herein; that Alex I. Gordon, the surviving spouse of decedent, has attacked the validity of said Will in his written objections on file herein, alleging that said testatrix was of unsound mind and under undue influence at the time of executing said Will, and is therefore not a fit and proper person to act as Administrator with Will Annexed herein; that Seattle-First National Bank is competent and qualified to act as such Administrator with Will Annexed. It is therefore

"ORDERED, ADJUDGED AND DECREED that said document filed in this Court on the 29th day of March, 1956, be and is hereby admitted to probate as the Last Will and Testament of Mabel C. Gordon, Deceased; that Seattle-First National Bank be and it is hereby appointed and confirmed as Administrator with Will Annexed herein, and is directed to file herein its oath as required by law and a bond in the sum of $1000; and it is further

"ORDERED, ADJUDGED AND DECREED that the Letters of Administration heretofore issued to Alex I. Gordon be and the same are hereby revoked, and said Alex I. Gordon is directed to account for, and deliver to his successor, all of the estate of said decedent.

"DONE IN OPEN COURT this 20th-day of June, 1956.

"DONALD A. McDONALD [signed]
JUDGE"

July 3, 1956, in response to an application therefor, the chief justice ordered that a writ of certiorari issue, directing respondent judge to return to this court a full and complete transcript of the records and proceedings, with the intent that the same be heard and reviewed.

The matter was heard by this court on the 14th day of September, 1956. At the outset, we are met with respondent's motion to quash the writ, on the ground that the petition therefor is not an affidavit, as required by statute. RCW 7.16.050 provides that the application for writ of certiorari "must be made on affidavit by the party beneficially interested. . . ."

No cases are cited by the parties directly deciding this issue, nor does our search reveal any. We have held, however, that a verified complaint is a sufficient compliance with a statute providing that a writ of mandamus must be issued upon affidavit on the application of the party beneficially interested. *State ex rel. Adams v. Irwin,* 74 Wash. 589, 134 Pac. 484, 135 Pac. 472. A verified complaint is equivalent to an affidavit. *Luellen v. Aberdeen,* 20 Wn. (2d) 594, 148 P. (2d) 849. We have treated an application for a writ of mandate as an application for a writ of certiorari. *State ex rel. Crockett v. Sutton,* 159 Wash. 307, 293 Pac. 469. The motion to quash is denied.

Ordinarily, the remedy of relator would be by appeal, rather than by certiorari. However, because of his peculiar situation herein, a successful appeal would not grant him proper or adequate relief.

RCW 11.20.020 provides:

"Applications for the probate of a will and for letters testamentary, or either, may be made to the judge of the court

having jurisdiction and the court may immediately hear the proofs and either probate or reject such will as the testimony may justify. Upon such hearing the court shall make and cause to be entered a formàl order, either establishing and probating such will, or refusing to establish and probate the same, and such order shall be conclusive as against all the world except in the event of a contest of such will as hereinafter provided. All testimony in support of the will shall be reduced to writing, signed by the witnesses, and certified by the judge of the court."

RCW 11.24.010 provides:

"If any person interested in any will shall appear within six months immediately following the probate or rejection thereof, and by petition to the superior court having jurisdiction contests the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.

"If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final as to all the world: . . ."

Respondent contends that, under our probate code, a will is first submitted for probate and is either admitted or rejected upon an *ex parte* hearing without notice, and that a separate, distinct procedure has been provided for will contests.

In *In re Larson's Estate*, 187 Wash. 183, 60 P. (2d) 19, after quoting the above statutes, we said:

"Accordingly, the procedure in these cases is: First, probate of the will in common form, or an *ex parte* proceeding *in rem*, wherein no one interested is before the court except the proponent of the will and his witnesses; second, a contest filed by any interested person within six months after the probate or rejection of the will, the contest being by petition upon which issues shall be made up, tried and determined; and third, upon the filing of a petition in contest, a citation shall issue requiring executors or administra-

tors with the will annexed, all legatees, minors, or personal representatives of any of them, to appear before the court, at a time specified, to show cause why the petition in contest should not be granted. That is, there is to be no contest about admitting or rejecting the will unless some interested party, within six months after the *ex parte* hearing, in the first instance, files a written petition in contest upon which all parties interested are brought in so that there shall be only one contest.

"If appellant herein is right, then an interested party, hostile to a will, can voluntarily appear as a party in the first proceeding to probate the will, and take an appeal from a decision against him, which decision may be affirmed or reversed. In the meantime, and within six months from the date of the judgment in the first hearing, some other interested party may file a contest, which, upon being tried, perhaps on materially different testimony than that involved in the first appeal, may result in a final judgment different from the final judgment in the first appeal. The statutes are designed to prevent such confusion and conflicts and to avoid the trial of separate and distinct contests."

However, it was pointed out in that case that, at the time the will was presented for probate, although, because of a courtesy notice, the supervisor of the inheritance tax and escheat division appeared in court by his attorney, no written issue of contest or protest was made or tendered.

In *In re Baldwin's Estate*, 13 Wash. 666, 43 Pac. 934, the respondents offered a will for probate. The appellant objected on the ground of lack of jurisdiction. Formal proof was made by the proponents, except that no proof was offered to show that the decedent was of sound mind when the will was made, and appellant moved the rejection of the will for this reason. The motion was denied and the will admitted. Upon appeal we reversed, holding that there must be sufficient proof to make out a *prima facie* case of the sanity of the testator at the time the will was made, as one of the jurisdictional facts.

The opinion in *In re Appleton's Estate*, 163 Wash. 632, 2 P. (2d) 71, commences with this sentence: "This is a will contest." The person named in Mrs. Appleton's will as executor offered it for probate. Two nephews and a niece,

claiming to be the only heirs, filed their objections against the establishing of the document as the last will and testament of Mrs. Appleton. Upon an appeal from a judgment admitting the will to probate, we said:

"While our probate code (§§ 1380-1385, Rem. Comp. Stat.) contemplates proof of wills in common form, without notice in the first instance, and the initiation of contest thereafter against wills tentatively so established, the issues presented by the petition of Palmer for the probate of the will, and the objections thereto by the contestants, proceeded to trial in the superior court; Palmer and the contestants submitting themselves to the jurisdiction of the court for determination of the question of the revocation of the will or any part thereof by cancellation."

In *In re Hall's Estate*, 34 Wn. (2d) 830, 210 P. (2d) 406, decedent's sister petitioned for probate of decedent's will. At the *ex parte* hearing which followed, one of the attesting witnesses testified adversely as to decedent's testamentary capacity. After a hearing, only a journal entry was made denying the petition. Four months later, appellant petitioned again for probate. Upon a further hearing, at which no additional testimony was taken, the court entered a formal order denying probate of the will.

One month later appellant filed a third petition for probate. At the hearing, the court sustained a demurrer to the petition and dismissed it. In affirming, we said:

"At this stage of the proceedings, the petition to reopen having been insufficient, and the time for appeal having run on the formal order of October 28th, the matter was *res judicata* and binding upon the world except in the event of a contest as authorized by Rem. Rev. Stat., § 1385 [P.P.C. § 218-1], which reads as follows:

"(Same as RCW 11.24.010)

"The provisions of Rem. Rev. Stat., § 1385, are not available to petitioner, because her third petition cannot be treated as a will contest. She was the *original* petitioner for the probate of the will. She had an appeal from an order denying it to probate. The statute may only be invoked by interested persons whose rights have not already been determined by the court and who *appear*, for the first time, *following* the court's action upon the petition for probate. The rule of *res judicata* does not apply to them. The contest

statute affords them their day in court subject only to the six months time limitation."

In *In re Campbell's Estate*, 47 Wn. (2d) 610, 288 P. (2d) 852, involving two different wills presented for probate, we said:

"RCW 11.20.020 [*cf.* Rem. Rev. Stat., § 1380], relating to applications for probate of wills, contemplates an *ex parte* proceeding without notice. *In re Elliott's Estate*, 22 Wn. (2d) 334, 338, 156 P. (2d) 427, 157 A.L.R. 1335. Generally speaking, therefore, an interested party, hostile to a will, should not be permitted to participate in the probate proceeding. He should proceed by way of a will contest, in the manner provided in RCW 11.24.010 *et seq.* [*cf.* Rem. Rev. Stat., § 1385 *et seq.*]. *In re Larson's Estate*, 187 Wash. 183, 60 P. (2d) 19.

"Under certain circumstances, however, a hearing upon a petition to probate a will may properly become an adversary proceeding. Where, as here, the court must choose between two or more wills before the court in consolidated hearings, action on each petition may depend upon the disposition made of the other. However valid an earlier will may be in other respects, it will be inoperative, and probate must be denied, if a later will is established. Defeat of the later will, offered for probate in consolidated proceedings, thus becomes necessary in order to obtain probate of the earlier one. Under such circumstances, adversary participation is clearly warranted. See *In re Ney's Estate*, 183 Wash. 503, 48 P. (2d) 924, where the same circumstances were present and the same procedure was followed."

In *State ex rel. Brisbin v. Frater*, 1 Wn. (2d) 13, 95 P. (2d) 27, we held that, where two sisters of the deceased filed objections to the admission of her will for probate in King county, alleging that at the time of her death she was not a resident of King county and left no property therein, the court was bound to hear evidence upon the issues so presented. The question there was whether the court had jurisdiction to admit the will to probate.

■ Generally, a will is admitted to probate or rejected at an *ex parte* hearing without notice. (A party is not entitled, as a matter of right, to have a will admitted to probate. The court may either probate or reject the will.)

Within six months thereafter, any person interested in the will may contest its validity.

However, as we have seen, such procedure is not exclusive. If an interested party objects to the admission to probate on the ground that the court lacks jurisdiction to do so, the court is bound, at the original hearing, to hear evidence on that issue so presented. The parties may, at the original hearing, by raising proper issues, submit themselves and those issues to the probate court.

Under certain circumstances, a hearing upon a petition to probate a will may properly become an adversary proceeding. Nevertheless, an interested party cannot force such a hearing into an adversary proceeding merely by filing objections to the probate of the will. The circumstances must be such that either there is a question of the court's jurisdiction to admit the will to probate, or certain issues are presented which the court could, or should, determine at the original hearing. As to the first, the court is bound to hear the controversy. As to the second, it is a matter within the sound discretion of the court.

Now, what was the situation here? The surviving spouse was appointed administrator, and he qualified as such. Later, a purported will was presented, accompanied by application for its probate and a prayer that the letters of administration theretofore issued to the surviving spouse be revoked. Following that, the surviving spouse filed objections to the petition for probate, alleging, in paragraph 6, that the testatrix was of unsound mind when she executed the will, and, in paragraph 7, that she was unduly influenced at that time. He also prayed that, in the event his objections be overruled, he be appointed administrator with the will annexed, by preference. The proponent of the will, recognizing the two issues that were presented, moved to strike paragraphs 6 and 7. That motion was denied. The proponent then answered, specifically denying the allegations of paragraphs 6 and 7.

Clearly, issues were presented to the court making this an adversary proceeding. It could, in the exercise of its

discretion, have heard and determined the issues presented. Was it an abuse of discretion not to do so? We think that it was. In addition to the issues of mental competency and undue influence, the surviving spouse had been appointed and had qualified as administrator. To relegate the objector to the statutory remedy of contest could have resulted in delay, not only to the hearing on the contest, but to an appeal to this court by either party. Conceivably this could have taken over a year's time.

This was not the ordinary situation where a proponent comes into court without notice, with a will and the attesting witnesses, and has the will admitted to probate at an *ex parte* hearing. Furthermore, the court refused to appoint the surviving spouse as administrator with the will annexed, finding him to be not a fit and proper person to act in such capacity because, in attacking the validity of the will, he had alleged that the testatrix was of unsound mind and was acting under undue influence at the time of executing the will. Under all of the circumstances, it was an abuse of discretion to arbitrarily refuse to receive the testimony offered on behalf of objector, and to admit the will to probate.

The order is reversed, and the cause remanded with directions to hear and determine the issues presented by relator's objections.

DONWORTH, FINLEY, ROSELLINI, and FOSTER, JJ., concur.