[No. 34224. Department One. April 4, 1957.]

THE STATE OF WASHINGTON, *on the Relation of David B. Perry, Plaintiff,* v. THOMAS G. JORDAN, *Judge of the Superior Court for Asotin County, Respondent.*[1]

*Leslie T. McCarthy* and *T. H. Little,* for relator.

*Eli Rapaich* and *C. Orno Shoemaker,* for respondent.

PER CURIAM.—The relator seeks a reversal of an order admitting a will to probate. There has been no will contest, but relator sought to make an application for the probate of a will under RCW 11.20.020 [*cf.* Rem. Rev. Stat., § 1380] an adversary proceeding.[1] The trial court refused to permit him to do so.

We held in *Gordon v. Seattle-First Nat. Bank,* 49 Wn. (2d) 728, 736, 306 P. (2d) 739, that it could be done under certain circumstances, saying:

"Nevertheless, an interested party cannot force such a hearing into an adversary proceeding merely by filing objections to the probate of the will. The circumstances must be such that either there is a question of the court's jurisdiction to admit the will to probate, or certain issues are pre-

[1]Reported in 309 P. (2d) 383.

sented which the court could, or should, determine at the original hearing. As to the first, the court is bound to hear the controversy. As to the second, it is a matter within the sound discretion of the court."

No question of jurisdiction is presented here, and the sole issue is whether the court abused its discretion in refusing to hear the controversy.

We find no unusual circumstances in this case and no abuse of discretion. The order admitting the will to probate and appointing the alternate executrix named therein is affirmed, without prejudice to a contest of the will by the relator.