[No. 22242-2-I. Division One. May 22, 1989.]

*In the Matter of the Estate of*
LAVERNE W. VAN DYKE.

GRACIE L. JONES, *Appellant,* v. LILY F. NIELSEN,
ET AL, *Respondents.*

*Peter M. Hebert* and *Theodore M. Rosenblume,* for appellant.

*Peter Parsons, Stuart R. Dunwoody,* and *Davis, Wright & Jones,* for respondents.

PEKELIS, J.—Gracie L. Jones appeals from the summary judgment dismissal of her will contest petition, alleging that the trial court erred in determining that her failure to issue citations to all legatees pursuant to RCW 11.24.020 compelled dismissal of her action as a matter of law. She contends that the trial court should have made a CR 19(b) determination of whether the nonjoined legatees were indispensable parties. We agree and remand for such a determination.

The relevant facts are undisputed. A document alleged to be the Last Will and Testament of Laverne W. Van Dyke was executed on June 6, 1986, and was admitted to probate February 25, 1987, upon the petition of Lily F. Nielsen, executrix. On June 24, 1987, within the 4–month limitation period set forth by RCW 11.24.010, Gracie L. Jones filed a petition to contest Van Dyke's will. In this original petition, no respondents were named and the record does not reflect which, if any, legatees were personally issued citations. Jones filed an amended petition on July 23, 1987, which named all the individual legatees as well as the executrix of the estate as respondents. Jones served 20–day summonses and copies of the amended petition on each of the individual legatees, and on the executrix.

However, three charitable institution legatees, Children's Orthopedic Hospital, Salvation Army and Millionair Club were neither named as parties nor issued citations upon the filing of either petition. Jones had sent them copies of her original petition by certified mail, return receipt requested. The return receipts indicate that Salvation Army and Millionair Club received the petition on June 24, 1987. The return receipt for Children's Orthopedic Hospital indicates a mailing date of June 23, 1987, and that Children's Orthopedic Hospital received it, but does not show a receipt date.[1]

Each of the three charitable legatees would receive 5 percent of the residue of Van Dyke's estate under the June 6, 1986, will. They would similarly receive 5 percent of the residue under an October 18, 1985, will that Jones asserts is truly Van Dyke's Last Will and Testament. Although the trial court found that because of this their interests would not be directly affected by the outcome of the will contest, it nevertheless concluded that the three charitable institution legatees were necessary parties under RCW 11.24.020 and that Jones' failure to serve them constituted inexcusable neglect precluding a CR 15(c) amendment to her petition. Thus, it dismissed Jones' will contest with prejudice.

Jones contends that RCW 11.24.010 and .020 do not conflict with CR 19(b).[2] She argues that while RCW 11.24.020 does, in effect, establish the necessary parties under CR 19(a) to a will contest action, it does not decide the question of whether these are indispensable parties under CR 19(b). Thus, Jones seeks a remand to the trial court for a factual determination under CR 19(b) as to whether the

---

[1]There is no evidence that any of these three legatees received a copy of the amended petition. However, it differs from the original only in that Jones altered the caption to name the executrix and those individual legatees she served and added a paragraph reciting their places of residence.

[2]In any event, RCW 2.04.200 provides that court rules supersede any conflicting statutes. *In re Estate of Shaughnessy*, 104 Wn.2d 89, 94, 702 P.2d 132 (1985).

legatees who were not issued citations were indispensable parties.

Nielsen responds that RCW 11.24.020, requiring service on all legatees, prevails over CR 19. Alternatively, Nielsen contends that even if the will contest statute does not prevail over the court rule, the unnamed legatees are indispensable parties as a matter of law. Nielsen bases this contention on her claim that there is no guarantee that the October 18, 1985, will would be the one admitted to probate if the June 6, 1986, contested will were found to be invalid. Finally, Nielsen contends that summary judgment should be upheld because there were no genuine issues of material fact on the merits of Jones' allegations.[3]

In reviewing an order of summary judgment, the appellate court engages in the same inquiry as the trial court. Summary judgment is to be granted only if the record demonstrates that there is no genuine issue as to any fact that is material to the cause of action, *Seven Gables Corp. v. MGM–UA Entertainment Co.*, 106 Wn.2d 1, 12, 721 P.2d 1 (1986), and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Chelan Cy. Deputy Sheriff's Ass'n v. County of Chelan*, 109 Wn.2d 282, 294, 745 P.2d 1 (1987).

We address first the question of interpretation of RCW 11.24.010 and .020. A will contest is a purely statutory proceeding, and the court must be governed by the provisions of the applicable statute. *In re Estate of Kane*, 20 Wn.2d 76, 83, 145 P.2d 893 (1944). The jurisdiction of the trial court is derived exclusively from the statute, and may be exercised only in the mode and under the limitations therein prescribed. *State ex rel. Wood v. Superior Court*, 76 Wash. 27, 31, 135 P. 494 (1913).

---

[3]The court held that genuine issues of material fact did remain as to Van Dyke's testamentary capacity on June 6, 1986, and as to whether the June 6, 1986, will was the product of undue influence by Lily Nielsen, but dismissed Jones' fraud claim.

RCW 11.24.010 provides:

> If any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.
>
> If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final.

RCW 11.24.020 provides:

> Upon the filing of the petition referred to in RCW 11.24.010, a citation shall be issued to the executors who have taken upon themselves the execution of the will, or to the administrators with the will annexed, and to all legatees named in the will residing in the state . . . requiring them to appear before the court, on a day therein specified, to show cause why the petition should not be granted.

When read together, RCW 11.24.010 and .020 require, on their face, that all legatees residing in the state be issued a citation notifying them of a will contest petition upon its filing, which must occur within 4 months of the will having been admitted to probate. This Jones concededly failed to do.[4] The question is, however, whether such a failure automatically deprived the trial court of jurisdiction or whether the court should proceed to engage in the analysis required under CR 19.

---

[4]Jones also concedes that she did not serve the appropriate citations within the additional 90 days that arguably would have been available to her under RCW 4.16.170.

CR 19 provides for the joinder of persons needed for just adjudication. CR 19(a) provides that

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action . . .

CR 19(b) provides that

If a person joinable under (1) or (2) of section (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

The rule goes on to set forth the four factors to be considered by a court in making a CR 19(b) determination.

Jones' argument assumes, and Nielsen does not dispute, that the legatees who must be issued citations under RCW 11.24.020 are necessary parties to the action for purposes of CR 19(a). An analysis of the term "citation" supports this interpretation. A "citation" is the counterpart of a summons in ordinary civil proceedings. *In re Estate of Murphy,* 98 Wash. 548, 553, 168 P. 175 (1917); *see also In re Estate of Wheeler,* 71 Wn.2d 789, 795, 431 P.2d 608 (1967); *Tucker v. Brown,* 20 Wn.2d 740, 805, 150 P.2d 604 (1944). It is the method in probate proceedings for bringing all adverse parties before the court. *In re Estate of Murphy, supra* (discussing predecessor statute); *see In re Estate of Martin,* 82 Wash. 226, 231, 144 P. 42 (1914); RCW 11.64.022 ("citation" to be issued to partner failing to furnish inventory); RCW 11.76.060 ("citation" to be served on surety on bond when personal representative's accounting is allegedly incorrect).

Since RCW 11.24.020 directs the petitioner in a will contest to issue citations to "all legatees named in the will residing in the state", it follows that the Legislature intended that such legatees be made parties, and thus they must be deemed "necessary" for purposes of CR 19(a). The

remaining question, however, is whether RCW 11.24.020 mandates that such legatees be deemed "indispensable" as well or whether the court should proceed to make this determination under CR 19(b).

No Washington case has directly dealt with the consequences of failure to issue a citation under RCW 11.24.010 and .020. The case of *In re Estate of Bridge,* 40 Wn.2d 133, 241 P.2d 439 (1952), relied on by Jones, held that where a petition to construe a will presented issues affecting a residuary legatee, the residuary legatee was a necessary party and should be joined pursuant to a civil joinder statute, RCW 4.08.130, repealed since the adoption of CR 19. Jones asserts that *Bridge* stands for the proposition that civil joinder rules continue to apply in probate actions.

We recognize that *Bridge* involved a will construction which, unlike the situation in a will contest, involves no specific limitations period. Nevertheless, we agree with Jones that RCW 11.24.020 does not supersede CR 19(b) because there is no inconsistency. RCW 11.24.020 merely requires that legatees residing in the state be notified that they must appear in court and show cause, if any exists, why the petition should not be granted. It does not purport to define as a matter of law that in-state legatees are indispensable parties to the will contest action, nor does it limit the jurisdiction of the trial court to make that determination.[5]

Thus, we conclude that a CR 19(b) analysis is required here to determine whether in the absence of the charitable institution legatees the action should go forward. We believe our approach is consistent with the strong policy of resolving legitimate disputes brought before the court rather than leaving parties without a remedy. *See* C. Wright, A. Miller & M. Kane, *Federal Practice* § 1602, at 25 (2d ed. 1986). Although it appears from the record that

---

[5]This also follows logically from the fact that RCW 11.24.020 does not require a citation to be issued to an *out-of-state* legatee even though, under some situations, that legatee could be both necessary and indispensable under CR 19.

the charitable institution legatees had actual notice of Jones' action, there is no indication that they object to having the action go forward without them. Rather, it is Nielsen who has seized the opportunity to attempt to have the substantive will contest dismissed based on Jones' failure to issue citations to the charitable institution legatees. In remanding for a CR 19(b) determination, we give the trial court the opportunity to determine whether "in equity and good conscience . . . a judgment rendered in [their] absence might be prejudicial" to the charitable institution legatees. *See* CR 19(b)(1).

As to the merits of Jones' claims, the record amply supports the trial court's ruling that genuine issues of material fact remain with regard to the substantive issues of testamentary capacity and undue influence, and reject Nielsen's argument to the contrary.[6]

In sum, RCW 11.24.020 does not restrict the jurisdiction of the trial court to determine which parties are indispensable to a will contest action. We reverse and remand for such a determination under CR 19(b).

WINSOR and FORREST, JJ., concur.

---

[6]For example, the record contains declarations of two attending physicians. One doctor states that as of March 10, 1986, Van Dyke was mentally unable to handle his own affairs and was easily controlled. The other doctor states that Van Dyke had some memory and cognitive impairment in March 1986, but that his mental condition improved in April and May of 1986. As to the exercise of undue influence by Lily Nielsen, there is contradictory testimony as to whether Nielsen ordered nurses attending Van Dyke to refuse Jones permission to visit him at a time when Van Dyke showed happiness at seeing Jones.