[No. 25516–9–I.   Division One.   May 28, 1991.]

*In the Matter of the Estate of*
ABRAHAM PALUCCI.

*William H. Block* and *Tousley Brain,* for appellant.

*Allen Draher* and *Sherrow & Draher,* for respondent.

BAKER, J.—Sharron Kennedy, the daughter of Abramo Palucci, appeals the dismissal of her petition contesting her father's will. The issue presented is whether the court obtained personal jurisdiction over two of the heirs named in the will.

## I

Abramo Palucci executed a will naming his brother, James Paolucci, as his executor and dividing his estate equally between James, his sisters Olga Hutchison and Evelyn Cook, and his daughter Sharron Kennedy. Following his death in February 1989, the will was admitted to probate.

Sharron Kennedy subsequently filed a petition contesting the will, alleging that at the time it was executed her father was incompetent and was unduly influenced by his brother, who was also his guardian. On May 12, 1989, the court directed that a citation be issued to the executor and the named heirs requiring them to appear on June 1, 1989, to show cause why the petition should not be granted. Sharron Kennedy prepared the citation, which was not filed and issued until May 25, 1989.

Olga Hutchison was personally served with the citation on May 27, 1989, and an affidavit of service was filed June 2, 1989. Evelyn Cook was personally served with the citation on May 29, 1989, and an affidavit of service was filed May 31, 1989.

The executor, James Paolucci, appeared at the June 1, 1989, hearing. The record does not indicate appearances by the heirs Hutchison and Cook. Sharron Kennedy failed to appear, evidently because of confusion between her two cocounsel. The petition was dismissed. Kennedy made several motions to reinstate the citation. At least one of the motions was personally served on both Olga Hutchison and Evelyn Cook. Ultimately, the matter was noted for hearing.

James Paolucci and the estate appeared at the hearing through counsel, and the two sisters appeared pro se. The court granted Kennedy relief under CR 60. In an order entered September 28, 1989, the court set aside the earlier dismissal order and reinstated the citation. The court further ordered that "the executor, James Paolucci, and the named heirs, Olga Hutchison and Evelyn Cook, and each of them appear before this Court on November 2, 1989, to answer original citation issued herein."

The sisters subsequently appeared through counsel for the estate, reserving defenses of lack of jurisdiction, insufficiency of process, and insufficiency of service of process. James Paolucci appeared as executor of the estate.

At the November hearing, counsel for the estate and heirs moved to dismiss the petition. A commissioner of the superior court found there was "no proof of service or personal service upon Olga Hutchison and Evelyn Cook" and dismissed the petition "for want of service of citation and Notice of Hearing. (Citation is original process requiring personal service.)"

Sharron Kennedy requested a revision of the commissioner's order. Her counsel submitted an affidavit stating that a copy of the order setting the November hearing was mailed to Hutchison and Cook on October 4, 1989. Appended to the affidavit is a transmittal letter to that effect. The request for revision was denied. This timely appeal followed.

## II

We find it helpful to review some of the statutes and principles involved. RCW 11.24.010 requires one contesting a will to file a petition within 4 months following the probate of such will. Upon the filing of such a petition, the petitioner must cause citations to be issued to the executor and all legatees residing in this state, requiring them to appear before the court to show cause why the petition should not be granted. *In re Estate of Findley,* 199 Wash. 669, 671, 93 P.2d 318 (1939), *overruled on other grounds in In re Estate of Wind,* 27 Wn.2d 421, 178 P.2d 731, 173 A.L.R. 1276 (1947) (construing precursor statute to RCW 11.24.020); RCW 11.24.020. A citation is the counterpart of a summons in ordinary civil proceedings. *In re Estate of Van Dyke,* 54 Wn. App. 225, 230, 772 P.2d 1049 (1989). It is the method for bringing all adverse parties before the court. *Van Dyke.*

"A will contest is a purely statutory proceeding, and the court must be governed by the provisions of the applicable statute. The jurisdiction of the trial court is derived exclusively from the statute, and may be exercised only in the mode and under the limitations therein prescribed." (Citations omitted.) *Van Dyke,* 54 Wn. App. at 228. RCW 11.96.100 provides that

[I]n all judicial proceedings under Title 11 RCW that require notice, such *notice shall be personally served or mailed* to each trustee, personal representative, heir, . . . *at least twenty days prior to the hearing on the petition,* unless otherwise provided by statute or ordered by the court under RCW 11.96.080. *Proof of such service or mailing shall be made by affidavit filed at or before the hearing.*

(Italics ours.)

Statutes authorizing service by means other than personal service, that is, constructive and substituted service, require strict compliance and must be strictly construed as in derogation of the common law. *See, e.g., Martin v. Meier,* 111 Wn.2d 471, 479, 760 P.2d 925 (1988) (statute covering resident motorists who have departed the state, authorizing service on the Secretary of State);

*Painter v. Olney,* 37 Wn. App. 424, 427, 680 P.2d 1066 (service by publication), *review denied,* 102 Wn.2d 1002 (1984). Personal service statutes, on the other hand, require only substantial compliance. *Thayer v. Edmonds,* 8 Wn. App. 36, 39, 503 P.2d 1110 (1972), *review denied,* 82 Wn.2d 1001 (1973).

▪ Finally, we observe that the law favors the resolution of legitimate disputes brought before the court rather than leaving parties without a remedy. *Van Dyke,* 54 Wn. App. at 231; *see also Lee v. Western Processing Co.,* 35 Wn. App. 466, 468, 667 P.2d 638 (1983) (default judgments disfavored).

### III

This matter may be resolved by addressing Kennedy's contention that her service by mail of the order issuing from the CR 60 hearing, in which the show cause hearing was set for November 2, 1989, was sufficient notice to the heirs of that hearing. Kennedy relies on RCW 11.96.100, which allows mail service. The heirs respond that the mail service was inadequate since no proof of service was filed prior to the hearing as required by RCW 11.96.100.

▪ It is the fact of service that confers jurisdiction, not the return. *Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 227, 273 P.2d 803 (1954); *Lake v. Butcher,* 37 Wn. App. 228, 232, 679 P.2d 409, *review denied,* 102 Wn.2d 1020 (1984). More specifically, where notice by publication or mailing has in fact been given, the failure to file proof of notice amounts to a mere irregularity. *Crider v. Othello,* 9 Wn. App. 536, 538, 513 P.2d 571 (1973). Where a return of service contains defects or irregularities, the remedy is to amend the return. *See Williams.* CR 4(g)(7) similarly provides that where service is other than by publication, "[f]ailure to make proof of service does not affect the validity of the service."

Furthermore, the heirs do not claim they did not have actual notice of the November 2 show cause hearing. *Case v. Bellingham,* 31 Wn.2d 374, 197 P.2d 105 (1948), relied on

by the heirs, is distinguishable in this regard. There, the plaintiff never received any notice personally or by mail. *See Case,* 31 Wn.2d at 375–76; *Crider,* 9 Wn. App. at 538 (similarly distinguishing *Case*).

Also distinguishable is *Haberman v. WPPSS,* 109 Wn.2d 107, 177, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed,* 488 U.S. 805 (1988), in which it was held that mere receipt of process and actual notice alone may not establish valid service of process on out–of–state parties. In that case, personal service on the out–of–state parties, as required by the long–arm statute, was not accomplished. Thus, the court held that since statutory procedures to ensure proper notice to the nonresident parties had not been followed, the service was more than technically defective.

■ Here, on the other hand, the uncontested mail service was sufficient to satisfy the procedures set forth in RCW 11.96.100 to ensure notice to heirs. That mail service, together with the (admittedly belated) proof of service, provided in affidavit form by the attorney,[1] also satisfied the jurisdictional requirements of the statute. The requirement that proof of service be filed *at or before the hearing* is not jurisdictional.

We further note that the commissioner's decision to dismiss was not based on the lack of an affidavit of mailing. Rather, the commissioner reasoned incorrectly that mail service was not sufficient. It cannot be determined from this record whether the heirs even raised the delayed filing of proof of service below.

The September 28, 1989, order was the functional equivalent of a citation. It named the executor and the heirs, and ordered them to appear on a specified date to answer the original, reinstated citation. The service by mail of that

---

[1]Proof of service by mail may be made by affidavit of the person who mailed the papers, or by certificate of an attorney. The affidavit provided by Kennedy's attorney herein, which was presented at the revision hearing below, complies with the requisites of such proof. *See* CR 4(g)(7) (affidavit must state time, place and manner of service).

order was sufficient to establish personal jurisdiction over the heirs. The untimely filing of the proof of service did not affect the validity of the service. We therefore reverse the commissioner's order dismissing the petition and remand the matter for trial on the merits.[2]

SCHOLFIELD and KENNEDY, JJ., concur.

_____

[2]In view of our opinion, it is unnecessary to address Kennedy's other arguments.