66 P.3d 678 (2003)
116 Wash.App. 492
In re the ESTATE OF Margaret BLACK, Deceased.
Douglas Wm. Carlton, Lorna Bemis and First Christian Church of Dayton, a corporation, Respondents,
v.
Myrna Black, as beneficiary and personal representative of the Estate of Margaret Black, Petitioner.
No. 20897-4-III.
Court of Appeals of Washington, Division 3, Panel Six.
April 15, 2003.
*679 Carl J. Carlson, Carlson & Fabish, P.S., Seattle, WA, for Appellant.
Michael E. De Grasse, Walla Walla, WA, G. Scott Marinella, Dayton WA, for Respondent.
SWEENEY, J.
After admitting into probate a will that left nothing to the decedent's daughter, Myrna Black, the court entered an order of summary judgment admitting a subsequent "lost" will leaving everything to Myrna Black. We reversed the order of summary judgment and remanded with instructions to admit the new will in accordance with the probate statutes. See In re Estate of Black, 116 Wash.App. 476, 66 P.3d 670 (Apr. 15, 2003) (hereafter Black I). After obtaining the summary judgment, Ms. Black filed an affidavit of prejudice under RCW 4.12.050 to remove that judge from the subsequent proceedings. We agree with the trial court that this contest is not a separate proceeding for the purposes of RCW 4.12.050. We therefore affirm the rejection of the affidavit of prejudice.

FACTS
Margaret Black died in 2000. A 1992 will (Carlton will) was entered into probate. This will cut off Margaret's daughter, Myrna Black, without a penny. Ms. Black then offered for probate an unsigned copy of a lost 1993 will (Black will) that names Ms. Black as sole beneficiary. The executor and beneficiaries of the Carlton will opposed the probate of the new will.
Ms. Black moved for an order of summary judgment admitting the Black will to probate. The court had serious misgivings about the authenticity of this will. It nonetheless found that Ms. Black had met the ministerial requirements for admitting a lost will to probate and granted a motion for summary judgment and admitted the lost will.
The Carlton will beneficiaries appealed. We reversed the order of summary judgment, to head off any possible mischief that might result from a final judgment with res judicata effect at such an early stage of the contest. See Black I.
The same judicial concerns underlie our decision here.

PROCEDURE
The Carlton will beneficiaries (Douglas Wm. Carlton, Lorna Bemis, and First Christian Church of Dayton) filed the contest under *680 superior court cause number XX-X-XXXX-Xthe same number previously assigned to the probate when the petition to probate the Black will was filed. The Black probate action was given the caption In re the Estate of Margaret Black. The Carlton will beneficiaries captioned their contest of that will Carlton, et al. v. Black. The court issued the contest citation the same day. Citation is the statutory procedure by which the probate court commands necessary persons and parties to appear. RCW 11.24.010.
A party appearing in a superior court proceeding may obtain an automatic change of judge by filing a motion, supported by affidavit, that the judge is prejudiced, provided the affidavit is called to the attention of the judge before he or she makes a discretionary ruling. RCW 4.12.050.
On December 20, 2001, Ms. Black filed a motion and affidavit of prejudice. Ms. Black contends that the probate proceedings had terminated and the filing of the contest petition commenced a new cause of action. On January 17, 2002, in a single order under the original probate cause number and caption, the court both denied the request for fees from the estate filed by Ms. Black in the probate proceedings and denied her motion to remove the judge in the contest action.
Ms. Black appealed the first part of this orderthe denial of fees from the estateby way of a cross-appeal in her response to Black I, the Carlton will personal representative's appeal of the order probating the Black will. Ms. Black petitioned for discretionary review of the second part of the order the rejection of her motion to remove the judgeseparately. We granted discretionary review.

DISCUSSION
The sole question presented is whether the filing of a will contest commences a new "proceeding" so as to reestablish the right to file an affidavit of prejudice against the judge who admitted the will to probate.
Ms. Black contends that the probate petition proceedings were completed when the court entered summary judgment. And so the filing of a will contest commenced a second, separate proceeding for the purposes of an affidavit of prejudice under RCW 4.12.050.
The respondents take no position on the issue. We nevertheless address this question, since it bears upon the integrity of the court.
Standard of Review. Whether RCW 4.12.050 specifies a duty that the trial court must perform is a question of law. River Park Square v. Miggins, 143 Wash.2d 68, 76, 17 P.3d 1178 (2001). Our review is, therefore, de novo.
Ms. Black concedes that the probate court denied her affidavit of prejudice motion on the same page of the same document in which it denied her fees from the estate in the probate petition, and that these orders were entered under the original probate proceedings cause number. The court did that because, in Washington, proceedings before the probate court determining the status of a will are not "separate proceedings." They are related to the same subject matter, i.e., the estate of the deceased. In re Estate of Thomas, 167 Wash. 127, 133, 8 P.2d 963 (1932); In re Estate of Shaughnessy, 104 Wash.2d 89, 93, 702 P.2d 132 (1985). Even where probate proceedings are separately docketed, they are still considered as one, because they have a single objectivethe settlement of the estate of the deceased. Thomas, 167 Wash. at 133, 8 P.2d 963 (quoting State ex rel. Richardson v. Superior Court, 28 Wash. 677, 683, 69 P. 375 (1902)).
The authorities cited by Ms. Black in support of her position are distinguishable. None of them concerns probate proceedings. State ex rel. Mauerman v. Superior Court, 44 Wash.2d 828, 830, 271 P.2d 435 (1954) (petition to modify child custody is a separate proceeding from entry of divorce decree); In re Welfare of Gibson, 4 Wash.App. 372, 483 P.2d 131 (1971) (petition for termination of parental rights is not the same proceeding as the initial motion to make the children temporary wards of court); In re Hiebert, 28 Wash.App. 905, 627 P.2d 551 (1981) (another dependency case).
And "`[a] will contest is a purely statutory proceeding, and the court must be *681 governed by the provisions of the applicable statute. The jurisdiction of the trial court is derived exclusively from the statute, and may be exercised only in the mode and under the limitations therein prescribed.'" In re Estate of Palucci, 61 Wash.App. 412, 415, 810 P.2d 970 (1991) (quoting In re Estate of Van Dyke, 54 Wash.App. 225, 228, 772 P.2d 1049 (1989)).
The probate statute contains no provisions for affidaviting the judge between probate and contest. And importing extraneous procedural rules would disturb the delicate balance of the probate statutory scheme and ultimately diminish the power of the court. Ms. Black's proposed introduction into the probate statutory scheme of a jurisdictional rule not contemplated by the statute undermines the effectiveness of the scheme and divests the court of its appropriate plenary power.
This is contrary to RCW 11.96A.020(2):
If this title should in any case or under any circumstance be inapplicable, insufficient, or doubtful with reference to the administration and settlement of [an estate], the court nevertheless has full power and authority to proceed with such administration and settlement in any manner and way that to the court seems right and proper, all to the end that the matters be expeditiously administered and settled by the court.
Here, the combination of admitting a will to probate by means of an order of summary judgment followed by removal of the judge from subsequent contest proceedings would divest the probate court of the plenary power conferred upon it by the legislature. The court is charged with resolving all issues attending the probate of any given will.
For example, in this appeal, Ms. Black points to the summary judgment in the Black I case to argue that the earlier probate proceedings culminated in a final, appealable judgment and are now closed. But, again, this is contrary to the probate scheme. Under the probate statutes, the court is empowered to receive information and argument about the estate until final distribution is completed. In re Estate of Elliott, 22 Wash.2d 334, 355, 156 P.2d 427 (1945).
Ms. Black cites RCW 11.96A.090[1] to support her contention that the regular civil rules may be freely imported into the probate statute. Her confidence is misplaced. As Ms. Black observes, RCW 11.96A.090(2) and (3) provide that a proceeding may be commenced as a new action or as an action incidental to an existing proceeding relating to the same trust or estate or nonprobate asset. And, once commenced, the action may be consolidated with any existing proceeding or converted to a separate action upon the motion of a party for good cause shown, or by the court on its own motion. But RCW 11.96A.090 also provides:
(1) A judicial proceeding under this title is a special proceeding under the civil rules of court. The provisions of this title governing such actions control over any inconsistent provision of the civil rules.
. . . .
(4) The procedural rules of court apply to judicial proceedings under this title only to the extent that they are consistent with this title, unless otherwise provided by statute or ordered by the court under RCW 11.96A.020 or 11.96A.050, or other applicable rules of court.
Subsection (2), providing that a contest may be commenced as a new action, makes it possible for parties other than those already appearing in the "existing judicial proceeding" to contest the will. Historically, heirs have had the option to contest a will in a court of equity, so that any interested party who did not challenge the will in the probate court, could do so in the chancery court. Modern practice merely reflects this. The superior court is the court of equity which assumes the probate court's statutory jurisdiction over the contest of a will. The superior court, then, exercises special statutory power with limited jurisdiction. See Ex Parte Walter, 202 Ala. 281, 80 So. 119, 122 (1918).
But by its plain language, subsection (2) leaves it to the contesting partyhere Mr.
*682 Carlton and the other contesting beneficiariesto elect whether to commence a new action or to file the petition incidental to the ongoing proceedings. Subsection (3) provides for any party, for example Ms. Black, to convert the contest to a separate action, "for good cause shown." The probate scheme simply does not provide for Ms. Black as the responding party to simply convert the contest into a new proceeding by declaration. And this is what she has attempted to do.
Probate proceedings are in rem: "`It has been uniformly ruled by all English and American cases which we have examined that proceedings to probate or to set aside the probate of wills are proceedings in rem and not in personam; that such proceedings are exclusively to determine the status of the res, and not the rights of the parties.'" Makins Produce Co. v. Callison, 67 Wash. 434, 441, 121 P. 837 (1912) (quoting McCann v. Ellis, 172 Ala. 60, 55 So. 303, 305 (1911)). The probate of a will determines whether there is a will or not, not the rights of the parties under the will. Walter, 80 So. at 121-22.
Mr. Carlton and the other ousted beneficiaries properly filed their will contest under the same cause number as the ongoing proceedings as an action incidental to the existing proceedings relating to the same estate. The nature of the proceedings was not converted to an in personam proceeding by Mr. Carlton's inartful choice of caption of Carlton et al. v. Black, instead of In re Estate of Black. The proceedings are In re the Estate of Margaret Black. Their purpose is to determine the status of her will, not the rights of the parties.
Ultimately, it is the rights of Margaret Black, the testatrix, that the court is called upon to uphold. To do so, the court must retain the full range of its powers under the probate statutes to order the proceedings and determine all matters relative to the status of the will in the manner the court deems most likely to accomplish the testamentary wishes of the decedent. To the extent the probate court perceived RCW 4.12.050 as irreconcilable with this mandate, it correctly denied the motion.
We affirm the order rejecting Ms. Black's affidavit of prejudice.
WE CONCUR: SCHULTHEIS and KURTZ, JJ.
NOTES
[1] Setting forth rules for judicial proceedings in trust and probate dispute resolution.