[No. 22672-7-III.   Division Three.   March 17, 2005.]

In the Matter of the Estate of ROBERT KORDON.

HELEN D. CLEVELAND, *Appellant*, v. LEILANI R. DUKE, *Individually and as Personal Representative, Respondent.*

---

[10] *State v. Perez-Cervantes*, 141 Wn.2d 468, 481, 6 P.3d 1160 (2000) (emphasis added).

*Michael E. de Grasse*, for appellant.

*John W. Lohrmann*, for respondent.

¶1 SWEENEY, A.C.J. — This is a will contest. The challenger petitioned to set aside the will but did not cause a "citation" to be issued to the personal representative until almost two years after she petitioned. RCW 11.24.020

requires the issuance of a citation. The question presented is whether Washington's Trust and Estate Dispute Resolution Act (chapter 11.96A RCW) applies here and changes the requirement of RCW 11.24.020 to issue a citation. It does not. A citation was required. And we therefore affirm the trial court's dismissal of the challenge to this will.

## FACTS

¶2 The court entered an order admitting Robert Kordon's will to probate on April 25, 2001. The will essentially left Mr. Kordon's property to Leilani Duke. Mr. Kordon named Ms. Duke as his personal representative. And the court honored that request. Helen Cleveland is Mr. Kordon's sister. She petitioned to set the will aside on August 24, 2001, in the probate proceeding.

¶3 Ms. Cleveland mailed a copy of her petition to Ms. Duke's attorney. Ms. Cleveland did not, however, issue or cause to be issued a citation to either Ms. Duke or her attorney. There were, nonetheless, some informal discovery requests and settlement discussions until August 2003.

¶4 Ms. Duke moved to dismiss the petition for lack of jurisdiction or alternatively for summary judgment on September 15, 2003 (over two years after Ms. Cleveland's petition was filed). Ms. Duke argued that Ms. Cleveland failed to issue the citation required by RCW 11.24.020 and this deprived the court of jurisdiction.

¶5 A citation was finally issued on October 9, 2003.

¶6 The court dismissed Ms. Cleveland's petition, concluding the citation was a prerequisite to jurisdiction.

## DISCUSSION

¶7 Ms. Cleveland argues essentially that she timely filed her petition to contest the will and, notwithstanding the provision in RCW 11.24.020 (requiring the issuance of a citation), the Trust and Estate Dispute Resolution Act applies and dispenses with the need to issue a citation

because she filed the action as part of the *existing probate proceeding*. No citation should therefore be required since the necessary parties were already a part of the proceeding; Ms. Duke is the only adverse party.

¶8 This is a question of law. So our review is de novo. *In re Estate of Peterson*, 102 Wn. App. 456, 462, 9 P.3d 845 (2000).

¶9 " 'A will contest is a purely statutory proceeding, and the court must be governed by the provisions of the applicable statute. The jurisdiction of the trial court is derived exclusively from the statute, and may be exercised only in the mode and under the limitations therein prescribed.' " *In re Estate of Palucci*, 61 Wn. App. 412, 415, 810 P.2d 970 (1991) (quoting *In re Estate of Van Dyke*, 54 Wn. App. 225, 228, 772 P.2d 1049 (1989)). A challenge to the will must be filed within the statutory period—here within four months of admitting the will to probate. RCW 11.24.010; *In re Estate of Toth*, 138 Wn.2d 650, 656, 981 P.2d 439 (1999).

¶10 The court acquires personal jurisdiction over an adverse party to a will contest by the issuance of a citation. *Palucci*, 61 Wn. App. at 415. RCW 11.24.020 requires that:

> Upon the filing of the petition referred to in RCW 11.24.010, a citation *shall be issued* to the executors who have taken upon themselves the execution of the will, . . . and to all legatees named in the will residing in the state, . . . requiring them to appear before the court, on a day therein specified, to show cause why the petition should not be granted.

(Emphasis added.)

¶11 We give effect to the legislative intent. And in doing so we need look no further than the statutory language when the language is clear, as it is here. *Postema v. Postema Enters., Inc.*, 118 Wn. App. 185, 195, 72 P.3d 1122 (2003), *review denied*, 151 Wn.2d 1011 (2004).

¶12 Ms. Cleveland argues, nonetheless, that the Trust and Estate Dispute Resolution Act codified by the legislature in 1999 overrides or at least supplements the will

contest statute in a way that eliminates the need for a citation when the will contest is part of an ongoing probate proceeding. Chapter 11.96A RCW. The general power of the court under chapter 11.96A RCW is spelled out in RCW 11.96A.020:

> (1) It is the intent of the legislature that the courts shall have full and ample power and authority under this title to administer and settle:
>
> (a) All *matters* concerning the estates and assets of incapacitated, missing, and deceased persons, including matters involving nonprobate assets and powers of attorney, in accordance with this title; and
>
> . . . .
>
> (2) If this title should in any case or under any circumstance be inapplicable, insufficient, or doubtful with reference to the administration and settlement of the *matters* listed in subsection (1) of this section, the court nevertheless has full power and authority to proceed with such administration and settlement in any manner and way that to the court seems right and proper, all to the end that the matters be expeditiously administered and settled by the court.

(Emphasis added.) The question, then, is whether a will contest is such a "matter." But "matter" is defined in this statutory scheme. And it does not include will contests. RCW 11.96A.030(1). Chapter 11.96A RCW does not then change the specific mandatory provisions of RCW 11-.24.020, which require a citation. The language in RCW 11.24.020 remains effective. And a citation is required for a will contest.

■ ¶13 Ms. Cleveland argues nonetheless that, even conceding the necessity for issuance of a citation, one was issued here. And there is no statutory time limit for the issuance of a citation. While that is true, the citation must be issued within a reasonable time. *See Van Dyke*, 54 Wn. App. at 229; *Palucci*, 61 Wn. App. at 413-14, 417; RCW 11.24.020.

¶14 Here, there was no issuance of a citation until over two years following the petition for the will contest. We hold

that the issuance of a citation two years after commencement of a will contest comes too late.

¶15 The trial court's judgment dismissing this will contest is affirmed.

SCHULTHEIS and BROWN, JJ., concur.

Reconsideration denied May 10, 2005.

Review granted at 156 Wn.2d 1005 (2006).