137 P.3d 16 (2006)
In re the Matter of the Estate of Robert KORDON, Deceased.
Helen D. Cleveland, Petitioner,
v.
Leilani R. Duke, as Personal Representative of the Estate of Robert Kordon; Leilani R. Duke, individually, Respondent.
No. 77164-2.
Supreme Court of Washington, En Banc.
Argued March 21, 2006.
Decided June 22, 2006.
As Amended July 24, 2006.
*17 Michael Edward de Grasse, Attorney at Law, Walla Walla, for Petitioner/Appellant.
John W. Lohrmann, Attorney at Law, Walla Walla, for Appellee/Respondent.
SANDERS, J.
¶ 1 Helen Cleveland appeals the dismissal of her petition contesting the will of Robert Kordon for failure to timely issue a citation to Kordon's personal representative under RCW 11.24.020.[1] Cleveland argues the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, eliminates the requirement to issue a citation to parties to an existing probate proceeding. The Court of Appeals affirmed, holding TEDRA inapplicable to will contests. We affirm on different grounds, holding TEDRA applies to will contests, but does not affect the RCW 11.24.020 citation requirement.

FACTS AND PROCEDURAL HISTORY
¶ 2 Robert Kordon executed a will on April 2, 2001 and died on April 24, 2001. The will named Leilani Duke as Kordon's personal representative. On April 25, 2001, the superior court issued an order admitting the will to probate, declaring the estate solvent, and appointing Duke as personal representative to act without intervention of the court.
¶ 3 On August 24, 2001, Kordon's sister Helen Cleveland filed a petition contesting the validity of the will. Cleveland did not issue a citation but did mail a copy of the petition to Duke's counsel. On September 15, 2003, Duke filed a motion to dismiss the will contest, arguing Cleveland's failure to issue a citation under RCW 11.24.020 deprived the court of jurisdiction. Cleveland issued a citation on October 9, 2003, but the superior court dismissed the will contest for lack of jurisdiction on December 9, 2003.
¶ 4 Cleveland appealed. Initially, the Court of Appeals reversed, holding RCW 11.96A.100 exempted her from issuing a citation to Duke. On reconsideration, the Court of Appeals affirmed, holding chapter 11.96A RCW inapplicable to will contests. Cleveland sought discretionary review, which this court granted.

STANDARD OF REVIEW
¶ 5 Dismissal for lack of jurisdiction under CR 12(b)(2) presents a question of law *18 reviewed de novo. State v. Squally, 132 Wash.2d 333, 340, 937 P.2d 1069 (1997).

ANALYSIS
¶ 6 The superior court correctly dismissed the will contest for lack of jurisdiction because Cleveland failed to request and timely serve a citation on Duke. A party contesting a will must request and serve a citation on the executor of the will. RCW 11.24.020. While chapter 11.96A RCW applies to will contests, RCW 11.96A.100 does not affect the RCW 11.24.020 citation requirement.

I. Failure to Issue a Citation Deprives the Court of Personal Jurisdiction Over a Party to a Will Contest
¶ 7 A will contest is a statutory proceeding governed by chapter 11.24 RCW. A party contesting a will must file a petition in the court with jurisdiction over the will. RCW 11.24.010. The party contesting the will must then request and serve a citation on all executors, administrators, and legatees of the will.[2] RCW 11.24.020.
¶ 8 A citation is equivalent to a civil summons, conferring personal jurisdiction over a party to a will contest. See In re Estate of Wheeler, 71 Wash.2d 789, 795, 431 P.2d 608 (1967). See also In re Murphy's Estate, 98 Wash. 548, 553, 168 P. 175 (1917) ("A citation is the process designated by the statute in probate proceedings for bringing adverse parties into court. It is the counterpart of the summons in ordinary civil proceedings."). Proper service of process "is essential to invoke personal jurisdiction over a party." In re Marriage of Markowski, 50 Wash.App. 633, 635-36, 749 P.2d 754 (1988). Accordingly, under RCW 11.24.020, failure to issue a citation deprives the court of personal jurisdiction over the party denied process.

II. TEDRA Does Not Affect the RCW 11.24.020 Citation Requirement
¶ 9 Cleveland argues TEDRA eliminates the requirement for a party contesting a will to issue citations to parties to the existing probate proceeding. It provides in relevant part:
Unless rules of court require or this title provides otherwise, or unless a court orders otherwise: .... A summons must be served in accordance with this chapter and, where not inconsistent with these rules, the procedural rules of court, however, if the proceeding is commenced as an action incidental to an existing judicial proceeding relating to the same trust or estate or nonprobate asset, notice must be provided by summons only with respect to those parties who were not already parties to the existing judicial proceedings.
RCW 11.96A.100(2). Indeed, Cleveland commenced this will contest as an action incidental to the existing probate proceeding, to which Duke was a party. However, the plain language of TEDRA indicates RCW 11.96A.100(2) does not affect the RCW 11.24.020 citation requirement.
¶ 10 The Court of Appeals incorrectly concluded a will contest is not a "matter" subject to TEDRA. In re Estate of Kordon, 126 Wash.App. 482, 486, 108 P.3d 1238 (2005). On the contrary, TEDRA expressly supplements chapter 11.24 RCW governing will contests. See RCW 11.96A.080(2). Furthermore, TEDRA defines a "matter" as the "determination of any question arising in the administration of an estate or trust, or with respect to any nonprobate asset, or with respect to any other asset or property interest passing at death." RCW 11.96A.030(1)(c). A will contest presents a "question arising in the administration of an estate," and therefore is clearly a "matter" subject to TEDRA.
¶ 11 In the abstract, RCW 11.96A.100(2) encompasses notice in certain will contests. Originally, TEDRA required service of process on all parties upon commencement of a *19 proceeding. Former RCW 11.96A.100(2) (1999). In 2001, the legislature amended TEDRA "to provide that after a proceeding is commenced future notice of matters in an existing judicial proceeding that relate to the same trust, estate or nonprobate asset need not be in the form of a summons." Cmts. to TEDRA Technical Corrections at 1, on S.B. 5052, 57th Leg., Reg. Sess. (Wash.2001) (on file with the Wash. State Archives). And see RCW 11.96A.100(2) (2001). At issue, therefore, is whether amended RCW 11.96A.100(2) affects the RCW 11.24.020 citation requirement.
¶ 12 While it does not explicitly apply to citations, TEDRA uses the term "summons" to refer to all forms of notice in probate proceedings. "While the section refers to a petition, references to `citations' ... have been deleted and those references are now to `summons.'" Cmts. to TEDRA at 5 (Jan. 28, 1998) (on file with the Wash. State Archives). Accordingly, RCW 11.96A.100(2) applies to actions requiring notice by citation as well as those requiring notice by summons.
¶ 13 Furthermore, Cleveland commenced this will contest "as an action incidental to an existing judicial proceeding relating to the same ... estate." RCW 11.96A.100(2). A party contesting a will may commence the will contest as a new action or as an action incidental to an existing probate proceeding. In re Estate of Black, 116 Wash.App. 492, 499, 66 P.3d 678 (2003). See also Gordon v. Seattle-First Nat'l Bank, 49 Wash.2d 728, 736, 306 P.2d 739 (1957). Cleveland commenced this will contest as an action incidental to the existing probate proceeding, and the court entered its orders under the original probate proceeding's cause number.
¶ 14 However, both TEDRA and RCW 11.96A.100(2) explicitly disavow any intention to alter the notice procedures in a will contest. While TEDRA applies to will contests, it "shall not supersede, but shall supplement, any otherwise applicable provisions and procedures contained in this title," including chapter 11.24 RCW. RCW 11.96A.080(2). A statute supersedes another statute by replacing it and supplements another statute by adding to it. See BLACK'S LAW DICTIONARY 1479, 1480 (8th ed.2004) (defining "supersede" as "To annul, make void, or repeal by taking the place of" and "supplemental" as "Supplying something additional; adding what is lacking"). Under RCW 11.24.020, a party contesting a will must issue a citation to parties to any existing probate proceeding. TEDRA cannot eliminate that requirement without superseding RCW 11.24.020. Furthermore, RCW 11.96A.100 explicitly does not apply if "this title provides otherwise." And as Title 11 includes both chapters 11.24 and 11.96A RCW, it does indeed provide otherwise.
¶ 15 Accordingly, TEDRA and 11.96A.100(2) unambiguously do not affect the RCW 11.24.020 citation requirement. "Plain language does not require construction." State v. Wilson, 125 Wash.2d 212, 217, 883 P.2d 320 (1994). A party contesting a will must satisfy the RCW 11.24.020 citation requirement.

III. Cleveland's Will Contest Is Time-Barred
¶ 16 A party contesting a will must satisfy the RCW 11.24.020 citation requirement within the four-month statute of limitations imposed by RCW 11.24.010 or within 90 days of timely filing a will contest petition. Cleveland's suggestion her belated issuance of a citation to Duke satisfies RCW 11.24.020 is unavailing.
¶ 17 While RCW 11.24.020 imposes no explicit statutory time limit on the issuance of a citation, it implicitly adopts the requirements of the Superior Court Civil Rules and Title 4 governing civil procedure. See CR 1 ("These rules govern the procedure in the superior court in all suits of a civil nature whether cognizable as cases at law or in equity with the exceptions stated in Rule 81.") and CR 81(a) ("Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings."). Under CR 3(a), "An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170." Thus, "[i]f service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to *20 be served personally, ... within ninety days from the date of filing the complaint" or "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." RCW 4.16.170. In other words, a party contesting a will may request and serve citations any time within the four-month statute of limitations on bringing a will contest or any time within 90 days of timely filing a petition contesting the will. See King County Water Dist. No. 90 v. City of Renton, 88 Wash.App. 214, 228, 944 P.2d 1067 (1997) (applying identical principle to RCW 36.93.160(5)).
¶ 18 Cleveland requested and served a citation on Duke more than two years after timely filing a petition contesting Kordon's will. Such belated service is obviously inadequate. Substantial compliance with the RCW 11.24.020 citation requirement within the RCW 11.24.010 statute of limitations may be sufficient. See In re Estate of Palucci, 61 Wash.App. 412, 417, 810 P.2d 970 (1991). A total failure to comply is not. A court "has no jurisdiction to hear and determine a contest begun after the expiration of the time fixed in the statute; neither does a court of equity have power to entertain such jurisdiction." State ex rel. Wood v. Superior Court, 76 Wash. 27, 30-31, 135 P. 494 (1913). See also In re Estate of Toth, 138 Wash.2d 650, 653, 981 P.2d 439 (1999). Because Cleveland clearly failed to satisfy the RCW 11.24.010 statute of limitations, we hold the trial court properly granted Duke's motion to dismiss for lack of jurisdiction.

CONCLUSION
¶ 19 TEDRA does not affect the RCW 11.24.020 citation requirement. We affirm the Court of Appeals's holding affirming the trial court's judgment dismissing Cleveland's will contest.
Concurring: ALEXANDER, C.J., and C. JOHNSON, MADSEN, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ.
NOTES
[1] RCW 11.24.020 was amended by Laws of 2006, ch. 360, § 9. All references to RCW 11.24.020 herein are to the former version.
[2] Upon the filing of the petition referred to in RCW 11.24.010, a citation shall be issued to the executors who have taken upon themselves the execution of the will, or to the administrators with the will annexed, and to all legatees named in the will residing in the state, or to their guardians if any of them are minors, or their personal representatives if any of them are dead, requiring them to appear before the court, on a day therein specified, to show cause why the petition should not be granted.

RCW 11.24.020.