IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN RE THE MATTER OF THE ESTATE OF | ) ) ) | No. 35500-4-III |
| MARTHA D. BOOHEISTER | ) ) ) ) | UNPUBLISHED OPINION |

FEARING, J. — We must decide if a will contestant properly served the personal representative of an estate with notice of a will contest within the limitation period of filing the contest. We hold that the contestant failed to effectuate service and affirm the superior court's dismissal of the will contest.

FACTS

In March 2000, Kimberly Brown prepared a will for Martha Booheister. Booheister never executed this will, nor did any witness attest the will. The 2000 will left Booheister's residual estate in equal shares to Booheister's nieces and nephews. A letter accompanying the will, also written by Brown, approximated the value of Booheister's estate at $800,000. The will named Lorence Graber, Booheister's brother, as personal representative of Booheister's estate.

Lorence Graber alleges that Martha Booheister developed senile dementia in the

summer of 2009 while residing in a Vancouver, Washington, nursing home. According to Graber, Alisha Krause moved Booheister to a nursing home in Newport following the diagnosis of dementia. Graber complains that Krause avoided Booheister's extended family and that Booheister never visited her family after the relocation to Newport.

Martha Booheister executed a second will on December 18, 2009. The will leaves most of Booheister's estate to Alisha Krause and named Krause as personal representative. Graber claims Booheister signed the 2009 will while incapacitated due to a mental defect. Graber also contends that Booheister, if in sound mind, would have desired her nephews and nieces, some of whom are children of Graber, to inherit her estate.

Martha Booheister died on March 15, 2016. On April 25, 2016, the superior court admitted Booheister's 2009 will to probate and appointed Alicia Krause personal representative.

Lorence Graber contends he is an interested person under Booheister's current will. According to Graber, the law deems him, as Booheister's brother, the sole surviving heir to inherit under intestate laws if the court deems the 2009 will void.

### PROCEDURE

On August 19, 2016, Lorence Graber filed, with the superior court clerk, a will contest, a note for hearing and a declaration of mailing in Martha Booheister's probate action. Graber requested the trial court declare Booheister's will invalid, order that

Booheister's estate be subject to intestate probate, and appoint an alternate personal representative, such as his children, Scott Graber or Debbie Mackinnon.

The note for hearing scheduled a hearing for October 20, 2016. Lorence Graber averred in the declaration of mailing: "that on the 19th day of August, 2016, I served the following people with the Will Contest and Note for Hearing by placing said copies in the United States Mail." Clerk's Papers at 111. One such person was Alisha Krause. The declaration serves as the only confirmation of an attempt to establish service of the petition on Alisha Krause or Martha Booheister's estate.

The superior court struck the October 20, 2016 hearing date. Thereafter Alicia Krause filed a motion to dismiss Lorence Graber's will contest. Krause argued for dismissal based on Graber's failure to file or personally serve a summons or citation as required under RCW 11.24.020 and RCW 11.96A.100.

The superior court granted Alicia Krause's dismissal motion. The court concluded that, since Lorence Graber failed to request and serve a citation or summons on Alicia Krause within ninety days of filing the will contest, the trial court lacked jurisdiction.

LAW AND ANALYSIS

Motion for Substitution of Party

After this appeal, we received notice of the death of Lorence Graber and the appointment of Justin S. Graber, as personal representative of Lorence Graber's estate. In turn, Justin Graber, in his capacity of personal representative, seeks to substitute as the

petitioner. We grant this request. We continue to refer to the petitioner, however, as Lorence Graber.

Dismissal of Will Contest

On appeal, Lorence Graber argues the superior court erred in dismissing his will contest. We conclude that RCW 11.24.010 and *In re Estate of Jepsen*, 184 Wn.2d 376, 358 P.3d 403 (2015) control and demand affirmance of the superior court's ruling.

Chapter 11.24 RCW controls a will contest. One statute in the chapter, RCW 11.24.010, requires the filing of the contest within four months of the probate of the will and personal service of the petition for will contest on the personal representative within ninety days of filing the petition. Lorence Graber failed to serve the petition on personal representative Alisha Krause and the ninety days for service has expired. Graber's affidavit of service declares that he mailed the petition to Krause.

RCW 11.24.010 declares:

> If any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he or she shall file a petition containing his or her objections and exceptions to said will, or to the rejection thereof. Issues respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of the last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of the will or a part of it, shall be tried and determined by the court.
> For the purpose of tolling the four-month limitations period, a contest is deemed commenced when a petition is filed with the court and not when served upon the personal representative. *The petitioner shall*

4

> *personally serve the personal representative* within ninety days after the date of filing the petition. If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.
>
> If no person files and serves a petition within the time under this section, the probate or rejection of such will shall be binding and final.

(Emphasis added.)

A will contest is a purely statutory proceeding, and the court must be governed by the provisions of the applicable statute. *In re Estate of Kane*, 20 Wn.2d 76, 83, 145 P.2d 893 (1944); *In re Estate of Van Dyke*, 54 Wn. App. 225, 228, 772 P.2d 1049 (1989). The jurisdiction of the trial court arises exclusively from the statute and may be exercised only in the mode and under the limitations therein prescribed. *State ex rel. Wood v. Superior Court for Chelan County*, 76 Wash. 27, 31, 135 P. 494 (1913); *In re Estate of Van Dyke*, 54 Wn. App. at 228. A will contest petitioner must satisfy RCW 11.24.010's requirements in order to commence a will contest action, and Washington courts have always strictly enforced the requirements for commencing will actions. *In re Estate of Jepsen*, 184 Wn.2d at 379-81 (2015).

Proper service of process is essential to invoke personal jurisdiction over a party. *In re Estate of Kordon*, 157 Wn.2d 206, 210, 137 P.3d 16 (2006); *In re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988). The party commencing the action carries the initial burden of proof to establish sufficient service. *Streeter-Dybdahl v. Nguyet Huynh*, 157 Wn. App. 408, 412, 236 P.3d 986 (2010).

5

A party does not comply with a statute demanding personal service by sending process by mail. *Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wn. App. 581, 585-86, 225 P.3d 1035, *review granted*, 169 Wn.2d 1029, 241 P.3d 786 (2010). Mere receipt of process and actual notice alone do not establish valid service of process. *Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wn. App. at 585.

To repeat, *In re Estate of Jepsen*, 184 Wn.2d 376 (2015) governs. Mack Jepsen filed a will contest. His attorney sent a copy of the petition for will contest by e-mail to the personal representative's attorney, but never served the personal representative in person with the petition. The Washington Supreme Court dismissed the contest because of failure of personal service. The court found RCW 11.24.010 unambiguous and required strict enforcement. The personal representative had filed an answer without asserting the affirmative defense of lack of service. The court held the failure to assert the defense did not waive the defense because of the jurisdictional requirement of service.

Lorence Graber argues that he substantially complied with the statutory requirements of service such that the court should deem his petition properly served on Alicia Krause. *In re Estate of Jepsen* answers that substantial compliance still fails.

Lorence Graber posits *In re Estate of Palucci*, 61 Wn. App. 412, 810 P.2d 970 (1991), as supportive of his argument that he substantially complied with service

6

requirements. Nevertheless, *Palucci* concerns the service of a notice of hearing on a legatee, not the service of the petition on the personal representative.

The superior court based its dismissal on the ground that Lorence Graber failed to file and serve a summons and citation as demanded by RCW 11.24.020 and RCW 11.96A.100(2). On appeal, Alisha Krause also asks this court to affirm the superior court's ruling based on these additional grounds. Since we hold that Graber failed to personally serve the petition on the personal representative as required by statute, we do not address these additional grounds. A reviewing court may affirm the trial court on any grounds established by the pleadings and supported by the record. *In re Marriage of Rideout*, 150 Wn.2d 337, 358, 77 P.3d 1174 (2003); *Truck Insurance Exchange v. VanPort Homes, Inc.*, 147 Wn.2d 751, 766, 58 P.3d 276 (2002).

Attorney Fees

Alisha Krause asks this court to award her reasonable attorney fees against Lorence Graber on appeal pursuant to RAP 18.1 and RCW 11.96A.150. Krause claims Graber's assertions are meritless. RCW 11.96A.150(1) provides in part:

> [A]ny court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; . . . The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

7

No. 35500-4-III
*In re the Estate of Booheister*

We award Alisha Krause reasonable attorney fees on appeal. In exercising our discretion, we note that Lorence Graber should have known that *In re Estate of Jepsen*, 184 Wn.2d 376 (2015), governs and readily disposes of his argument.

CONCLUSION

We affirm the superior court's dismissal of Lorence Graber's will contest. We award Alisha Krause reasonable attorney fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, A.C.J.

8