FILED
COURT OF APPEALS
DIVISION II

2015 AUG 11 AM 9: 09

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Estate of:<br><br>ANITA D. TUTTLE,<br><br>                    Deceased.<br><br>DAISY ANDERSON; DOREEN HUNT; and<br>SHARON HORAN,<br><br>                    Appellants,<br><br>   v.<br><br>PATRICIA     HICKLIN,   as   personal<br>representative of the Estate of Anita D. Tuttle,<br><br>                    Respondent. | No. 45917-5-II<br><br><br>UNPUBLISHED OPINION |

BJORGEN, A.C.J. — Daisy Anderson, Doreen Hunt, and Sharon Horan filed petitions to contest the will admitted for the probate of the estate of their mother, Anita Tuttle.[1] The estate's personal representative, Patricia Hicklin, another of Tuttle's daughters, successfully moved to dismiss those petitions with prejudice for lack of personal jurisdiction, insufficiency of process,

---

[1] We generally refer to the siblings challenging Tuttle's will collectively as Anderson.

insufficiency of service of process, and failure to comply with the provisions of chapter 11.24 RCW, which governs will contests.

Anderson appeals, claiming that the trial court improperly dismissed the petitions because (1) Hicklin had waived or was estopped from asserting the affirmative defenses raised in her motion to dismiss the petitions and (2) Anderson properly served Hicklin under provisions of the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW. We hold that (1) Hicklin did not waive the affirmative defenses raised in her motion to dismiss and was not estopped from asserting them and (2) Anderson failed to properly serve Hicklin because the provisions of TEDRA cannot supersede the provisions of chapter 11.24 RCW. We affirm.

FACTS

Tuttle executed her last will and testament in December 2009. Tuttle passed away in April 2013. Hicklin, whom Tuttle had named as her personal representative in the December 2009 will, moved to admit the will to probate in May 2013. The Clallam County Superior Court granted the motion and confirmed Hicklin's appointment as the estate's personal representative.

Nearly four months later, Anderson, Horan, and Hunt, each of whom the December 2009 will had disinherited, appeared pro se and filed petitions to contest and invalidate Tuttle's will that was admitted to probate. The petitions were filed under the probate cause number rather than as new actions. After filing the petitions, Anderson appeared ex parte on September 23, 2013 and obtained orders directing the clerk of the Clallam County Superior Court to issue Hicklin citations requiring her to appear on October 4, 2013 and show cause why the trial court should not declare the December 2009 will invalid.[2]

---

[2] A citation was "equivalent to a civil summons, conferring personal jurisdiction over a party to a will contest." *In re Estate of Kordon*, 157 Wn.2d 206, 210, 137 P.3d 16 (2006). The legislature

2

Hicklin answered Anderson's petitions, asserting as affirmative defenses the trial court's "lack of personal . . . [and] subject matter jurisdiction" over her as well as "insufficiency of process, and insufficiency of service of process." Clerk's Papers (CP) at 27, 30. Hicklin's answers also stated that Anderson had failed to provide the statutorily required 20 days' notice before the first hearing on the will contest. Based on this improper notice, Hicklin requested "that the initial hearing on the Petition[s] not be a hearing on the merits, as this matter involves jurisdictional, procedural, and factual issues that are not capable of resolution at the initial hearing" and that the court direct Anderson to note the "matter[s] for a trial setting, for trial on the issues set forth in the Petition[s] and in [Hicklin's] Response[s]." CP at 28, 31.

At the show cause hearing, Hicklin's attorney began by stating, "I think it would be appropriate to address some procedural matters first before we get to argument and I would note that under the will contest statutes and under TEDRA, this really should be set for trial and not heard on the merits today." Verbatim Report of Proceedings (VRP) (Oct. 4, 2013) at 2. The trial court then addressed Daisy Anderson, stating, "[Y]ou understand that the court's really not in a position to address on the merits the claims that you have made today." VRP (Oct. 4, 2013) at 3. After Anderson stated that she understood and that she had not expected the court to address the merits of the petitions at the initial hearing, the trial court announced, "[T]hen I will do this. I will simply do nothing but let this matter be set for trial." VRP (Oct. 4, 2013) at 4.

The clerk's minutes for the show cause hearing record Hicklin's attorney's argument as a "mo[tion] to strike [the] hearing [and] have matter set for trial." CP at 25. The minutes also note

---

eliminated citations from the statutory scheme for will contests in 2006, replacing them with summonses as generally required in civil actions. LAWS OF 2006, ch. 360 § 9.

that there was "[n]o objection" and that the "[c]ourt str[uck] [the] hearing [and] direct[ed] [the] parties to [the] [c]ourt administ[rator] for trial setting." CP at 25.

On December 24, 2013, Hicklin moved to dismiss Anderson's petitions for lack of personal jurisdiction, insufficiency of process and service of process, and failure to comply with the procedures for will contests set out in chapter 11.24 RCW. Hicklin contended that RCW 11.24.010 required Anderson to personally serve her with a copy of the petitions and that Anderson had never done so. Hicklin further contended that the failure to personally serve her meant that Anderson had failed to commence the will contests within the limitations period prescribed by RCW 11.24.010, making the probate of Tuttle's 2009 will final. Accordingly, Hicklin requested that the trial court dismiss the petitions with prejudice and grant her attorney fees.

The superior court granted the motion to dismiss and granted Hicklin attorney fees. This appeal followed.

## ANALYSIS

### I. WAIVER AND ESTOPPEL

Anderson first contends that Hicklin either waived or was estopped from asserting the affirmative defenses raised in the motion to dismiss. Hicklin contends she did not waive the affirmative defenses and that the doctrine of equitable estoppel does not apply. We hold that Anderson waived her estoppel and common law waiver claims and that Hicklin did not waive her affirmative defenses under CR 12.

### A.   Standard of Review

We interpret court rules as we interpret statutes, *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007), meaning our review is de novo. *Dep't of Ecology v. Campbell & Gwinn*,

*LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Common law waiver claims generally raise mixed questions of law and fact. However, where the parties do not dispute the facts, we review waiver as a question of law subject to de novo review. *Brundridge v. Fluor Fed. Servs., Inc.*, 164 Wn.2d 432, 440-41, 191 P.3d 879 (2008). We review a trial court's refusal to apply the doctrine of equitable estoppel for an abuse of discretion. *Ford v. Bellingham-Whatcom County Dist. Bd. of Health*, 16 Wn. App. 709, 716, 558 P.2d 821 (1977).

B.      Waiver Based on the Civil Rules

Anderson first argues that Hicklin triggered the consolidation and waiver provisions of CR 12(g) and (h). Anderson contends that Hicklin's objection to the insufficient notice of the show cause hearing in her answer constituted a motion to dismiss for insufficiency of process under CR 12(b)(4) and that Hicklin's request that the trial court not resolve the petitions on their merits at the show cause hearing constituted a motion to strike under CR 12(f), citing the clerk's minutes of the hearing. With these prior motions, Anderson argues, Hicklin was barred by CR 12 from making her subsequent motion to dismiss.

CR 12(b) governs the presentation of defenses to "a claim for relief" made "in any pleading."[3] The rule lists a number of affirmative defenses that defendants must assert either (1)

---

[3] CR 12(b) provides, in relevant part, that

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; (7) failure to join a party under rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to

by motion made before the responsive pleading or (2) in the responsive pleading itself. CR 12(b). These affirmative defenses include the "lack of jurisdiction over the person," CR 12(b)(2), "insufficiency of process," CR 12(b)(4), and "insufficiency of service of process." CR 12(b)(5).

In the interests of judicial economy, two other provisions in CR 12 prevent defendants from raising successive challenges to the trial court's jurisdiction under CR 12(b). 3A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE, CR 12(g), § 12 author's cmts., at 287 (6th ed. 2013). CR 12(g)[4] requires a party to assert all possible CR 12(b) defenses in a single motion; any defense not asserted in the motion is waived unless otherwise provided in CR 12(h). CR 12(h)(1) specifically provides that the affirmative defenses of "lack of jurisdiction over the person . . . insufficiency of process, [and] insufficiency of service of process" are among those waived if not made in a consolidated motion required by CR 12(g).

Hicklin's objection to the short notice before the show cause hearing was not a motion to dismiss for insufficiency of process under CR 12(b)(4). A motion under CR 12(b)(4) raises a "defense . . . to a claim for relief." Hicklin did not assert a defense in law or fact to the claims in the petition when she objected to insufficient notice. Instead, she asked the trial court not to decide the petitions on their merits at that hearing. TEDRA mandated that she make that request;

---

serve a responsive pleading, [the pleader] may assert at the trial any defense in law or fact to that claim for relief.

[4] CR 12(g) provides that

A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to [the party] which this rule permits to be raised by motion, [the party] shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subsection (h) (2) hereof on any of the grounds there stated.

otherwise the trial court had a statutory obligation to determine the will contest at the show cause hearing. RCW 11.96A.100(8)-(10).[5]

Hicklin's request that the trial court not adjudicate the petitions on their merits at the show cause hearing was not a motion to strike under CR 12(f). A motion to strike under CR 12(f) asks the court to strike out "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. While the minutes of the show cause hearing record Hicklin's request as a motion to strike the *hearing*, CP at 25, neither party, nor the superior court itself, used the "motion to strike" terminology used by the clerk. Instead, as noted above, Hicklin asked the trial court not to adjudicate the will contests on their merits at the show cause hearing, a request mandated by TEDRA. That is not the type of request to strike out portions of pleadings that constitutes a motion to strike under CR 12(f).

Because neither the objection to the deficient notice nor the request to set the case for trial were motions within the meaning of CR 12, they did not trigger the consolidation provisions of CR 12(g). *King v. Snohomish County*, 146 Wn.2d 420, 427, 47 P.3d 563 (2002). Consequently, Hicklin did not waive the affirmative defenses later raised in the motion to

---

[5] RCW 11.96A.100 provides, in part, that

> (8) Unless requested otherwise by a party in a petition or answer, the initial hearing must be a hearing on the merits to resolve all issues of fact and all issues of law;
>
> (9) Any party may move the court for an order relating to a procedural matter . . . in the original petition, answer, response, or reply, or in a separate motion, or at any other time; and
>
> (10) If the initial hearing is not a hearing on the merits or does not result in a resolution of all issues of fact and all issues of law, the court may enter any order it deems appropriate, which order may (a) resolve such issues as it deems proper, (b) determine the scope of discovery, and (c) set a schedule for further proceedings for the prompt resolution of the matter.

dismiss by failing to consolidate them with the objection or the request to set the case for trial. *See* CR 12(h).

## C.   Equitable Estoppel and Common Law Waiver

Anderson also argues that Hicklin waived the affirmative defenses asserted in the motion to dismiss under theories of equitable estoppel and common law waiver. Anderson, however, has waived these claims under RAP 2.5 by failing to raise them before the trial court.

RAP 2.5(a) states in pertinent part,

> [t]he appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right.

In considering whether an issue had been raised under this rule, the court in *Bennett v. Hardy*, 113 Wn.2d 912, 917, 784 P.2d 1258 (1990), held:

> so long as [the appellant] advanced the issue below, thus giving the trial court an opportunity to consider and rule on the relevant authority, the purpose of RAP 2.5(a) is served and the issue is properly before [the court on appeal].

Thus, Anderson need not have actually used the terms "estoppel," "waiver," or any synonym, but must at least have given the trial court fair notice of the nature of the challenge.

This, Anderson failed to do. Her statements to the trial court at Verbatim Report of Proceedings pages 13-14 discuss an alleged inconsistency in Hicklin's positions, but fall well short of apprising the court of a common law waiver argument. In addition, counsel's remarks included nothing about any reliance by Anderson on Hicklin's position or any injury to Anderson from Hicklin's alleged change in position. These are central and essential elements of an estoppel claim. *Lybbert v. Grant County*, 141 Wn.2d 29, 35, 1 P.3d 1124 (2000). In the absence

of any arguable reference to them, we cannot say that Anderson raised her estoppel challenge in the trial court. Therefore, we do not reach either argument under RAP 2.5(a).

This, Anderson failed to do. Her statements to the trial court at Verbatim Report of Proceedings pages 13-14 discuss an alleged inconsistency in Hicklin's positions, but fall well short of apprising the court of a common law waiver argument. In addition, counsel's remarks included nothing about any reliance by Anderson on Hicklin's position or any injury to Anderson from Hicklin's alleged change in position. These are central and essential elements of an estoppel claim. *Lybbert*, 141 Wn.2d at 35. In the absence of any arguable reference to them, we cannot say that Anderson raised her estoppel challenge in the trial court. Therefore, we do not reach either the estoppel or the common law waiver argument under RAP 2.5(a).

## II. SERVICE OF PROCESS

Anderson next contends that the trial court erred by granting the motion to dismiss, because she properly served Hicklin based on provisions of TEDRA. Hicklin contends that, because Anderson never personally served her as required by RCW 11.24.010, the trial court properly dismissed the petitions. Hicklin is correct.

A.    Standard of Review

The party initiating a civil action bears the burden of showing proper service of process. *See Streeter-Dybdahl v. Huynh*, 157 Wn. App. 408, 412, 236 P.3d 986 (2010). Further, the party asserting that a trial court has personal jurisdiction bears the burden of establishing it after a challenge to that jurisdiction. *Outsource Servs. Mgmt., LLC v. Nooksack Bus. Corp.*, 172 Wn. App. 799, 807, 292 P.3d 147 (2013), *aff'd*, 181 Wn.2d 272 (2014). Where the trial court rules on a motion to dismiss under CR 12(b)(2) or (b)(4) based on undisputed facts, we review the

resulting order de novo. *Outsource Servs. Mgmt.*, 172 Wn. App. at 807; *see Streeter-Dybdahl*, 157 Wn. App. at 412.

B.      Service of Process Under Chapter 11.24 RCW

"'First and basic to any litigation is jurisdiction. First and basic to [personal] jurisdiction is service of process.'" *Scott v. Goldman*, 82 Wn. App. 1, 6, 917 P.2d 131 (1996) (quoting *In re Marriage of Logg*, 74 Wn. App. 781, 786, 875 P.2d 647 (1994)).

Proper service of process has both constitutional and statutory elements. *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). Turning to the latter, the legislature prescribed two elements for proper service of process in will contests in chapter 11.24 RCW. First, any party contesting a will must personally serve the estate's personal representative with the petition commencing the will contest within 90 days of filing the petition. RCW 11.24.010.[6] Second, the contesting party must provide the notice described in RCW 11.96A.100, meaning a summons using certain language or substantially equivalent language.[7] RCW 11.24.020; RCW 11.96A.100.

---

[6] The relevant part of RCW 11.24.010 provides that:
> For the purpose of tolling the four-month limitations period, a contest is deemed commenced when a petition is filed with the court and not when served upon the personal representative. The petitioner shall personally serve the personal representative within ninety days after the date of filing the petition. If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.

[7] RCW 11.96A.100(2) provides, in relevant part, that
> [a] summons must be served in accordance with this chapter . . . however, if the proceeding is commenced as an action incidental to an existing judicial proceeding relating to the same trust or estate or nonprobate asset, notice must be provided by summons only with respect to those parties who were not already parties to the existing judicial proceedings.

RCW 11.96A.100(3) prescribes the form the summons required by RCW 11.96A.100(2) must take.

Once Hicklin challenged the service of process, and consequently the trial court's personal jurisdiction over her, Anderson bore the burden of establishing proper service and the trial court's personal jurisdiction over Hicklin. Anderson introduced no evidence to do so: no return of service by the sheriff or a sheriff's deputy stating that he or she personally delivered the summonses and petitions to Hicklin, no affidavit of service by a person attesting to personally delivering the summonses and petitions to Hicklin or properly mailing them, and no writing by Hicklin or her attorney-in-fact accepting service. *See* CR 4(g)(1), (2), (5), (7). Anderson failed to discharge her burden of proving personal service on Hicklin, the personal representative.[8]

Anderson, however, points out that RCW 11.96A.100(2), part of TEDRA, requires service of a summons only on "those parties . . . not already parties to [an] existing judicial proceeding[]" where a proceeding is brought incidental to that existing proceeding. Anderson argues that this provision excused her from personally serving the summonses and petitions on Hicklin, because the petition was filed incidentally to the probate of Tuttle's estate. The requirement of personal service of the petition on the personal representative arises from RCW 11.24.010, which is not part of TEDRA. Similarly, the requirement that the notice described in RCW 11.96A.100 be given stems from RCW 11.24.020, which also is not part of TEDRA. TEDRA cannot supersede these requirements. RCW 11.96A.080; *In re Estate of Kordon*, 157 Wn.2d 206, 212, 137 P.3d 16 (2006). Accordingly, regardless whether RCW 11.96A.100(2) excused Anderson from serving summonses on Hicklin, the provision did not repeal RCW 11.24.010's requirement of personal service of the petitions on Hicklin as personal

---

[8] Anderson's attorney argued at the hearing on the motion to dismiss that she had served the estate's attorney. Anderson repeats this argument in her briefing. Even if we accepted her representations as evidence, they fail to establish that Anderson personally served Hicklin. *See Ashcraft v. Powers*, 22 Wash. 440, 442-43, 61 P. 161 (1900); RCW 4.28.080.

representative. *Kordon*, 157 Wn.2d at 212; *see also In re Estate of Harder*, 185 Wn. App. 378, 385, 341 P.3d 342 (2015) (citing *Kordon*, 157 Wn.2d at 212). Anderson did not personally serve Hicklin with copies of the petitions. Therefore, she failed to serve process in accordance with the provisions of RCW 11.24.010.

Anderson also appears to contend that she did not need to serve Hicklin with process because Hicklin had actual notice of the will contests. Actual notice is insufficient to confer jurisdiction on the trial court. *Logg*, 74 Wn. App. at 784; *see In re Estate of Harder*, 185 Wn. App. at 384. Indeed, accepting Anderson's actual notice argument essentially eliminates the statutory service of process requirements, contradicting a long line of Supreme Court precedent, recently reaffirmed, that service of process has both constitutional and statutory elements. *Scanlan*, 181 Wn.2d at 847.

Finally, Anderson invokes, in her reply brief, the principle that "the law favors the resolution of legitimate disputes brought before the court rather than leaving parties without a remedy." *In re Estate of Palucci*, 61 Wn. App. 412, 416, 810 P.2d 970 (1991). She cites a number of cases where the courts have excused technical failures to comply with statutory notice requirements under the doctrine of substantial compliance. By failing to raise her substantial compliance argument in her opening brief, Anderson waived it. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

The trial court properly granted Hicklin's motion to dismiss.

### III. ATTORNEY FEES

Anderson requests reasonable attorney fees pursuant to RAP 18.1(a) and RCW 11.96A.150. While citing to those statutory provisions, she offers no argument why attorney fees are justified. We decline to award fees to Anderson given her failure to justify them.

*Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710-11 & n.4, 952 P.2d 590 (1998).

Hicklin requests reasonable attorney fees under RAP 18.1, RCW 11.24.050, and RCW 11.96A.150. RAP 18.1 sets the procedure for requesting attorney fees authorized by applicable law. RCW 11.24.050, in turn, allows a court to award reasonable attorney fees where a will is sustained against a challenge, "unless it appears that the contestant acted with probable cause and in good faith." Hicklin contends that we should award reasonable attorney fees under RCW 11.24.050 because the failure to properly commence the action shows Anderson's lack of probable cause and good faith. Anderson and her siblings, though, appeared pro se and appear to have commenced the action as best they could. Nothing about their behavior betrays a desire to proceed without probable cause to do so or in bad faith. Fees are unwarranted under RCW 11.24.050.

RCW 11.96A.150(1) allows a court to award reasonable attorney fees "to any party." Hicklin contends that an award of reasonable attorney fees is warranted under the provision because Anderson's petitions have delayed the administration of the estate, resulting in unnecessary expenses. Anderson, though, has not engaged in scorched earth litigation and, bare allegations from Hicklin aside, no evidence indicates that they filed these petitions or this appeal to frustrate the closing of Tuttle's estate. They simply wanted their day in court. Again, we find an award of fees unwarranted.

## CONCLUSION

Anderson failed to comply with the provisions of chapter 11.24 RCW governing service of process in will contests. The trial court properly dismissed her petitions challenging the will

No. 45917-5-II

of her mother. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

BJORGEN, A.C.J.

We concur:

LEE, J.

SUTTON, J.